Hastings v. Lane.

---

# Matthew Hastings *vs.* Daniel Lane & al.

It is a settled rule, in construing statutes, that they are to be considered as prospective, unless the intention to give a retrospective operation is clearly expressed.

The *stat.* of 1835, *c.* 195, for the relief of poor debtors, has no operation upon suits commenced before its passage, or upon any process or proceedings arising out of them.

Exceptions from the Court of Common Pleas, Perham J. presiding.

This was an action of debt on a bond. Several questions were made in the exceptions, and argued by counsel, which have become unimportant, as the decision rested on but one point, which was

conclusive of the whole case. The facts bearing upon it are found in the opinion of the Court. The verdict was for the plaintiff, and exceptions were filed by the defendants.

*J. Granger,* for the defendants.

*A. G. Chandler,* for the plaintiff.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J. — The plaintiff recovered judgment against *Lane* at the *September* term of the Court of Common Pleas, 1830. A pluries execution issued thereon the 25th day of *December,* 1835, by which *Lane* was committed to prison on the 29th of *February,* 1836, and released on the same day upon executing the bond now in suit. On the 25th day of *November* following, he surrendered himself to the keeper of the jail and went into close confinement.

The bond appears to have been taken according to the provisions of the fourth section of the *stat.* of 1822, *c.* 209 ; and the twenty-first section provides for the surrender of the debtor within nine months and three days in discharge of his bond. The eighth section provides, that nothing shall be a breach of the bond, except the prisoner's passing beyond the exterior limits of the jail yard, and his neglecting to surrender himself, as provided by the twenty-first section.

If the final process issuing upon this judgment and the proceedings thereon are to be governed by the act of 1822, the debtor has not committed any breach of the bond. The plaintiff's counsel contends, that the proceedings upon the final process should have been in conformity to the act of 1835, and such were the instructions complained of in this bill of exceptions.

In the case of *Dash* v. *Van Kleeck,* 7 *Johns. R.* 477, *Kent C. J.* states it to be a principle in the *English* common law, as ancient as the law itself, that a statute, even of its omnipotent parliament, is not to have a retrospective effect. The same rule is recognized in *Whitman* v. *Hapgood,* 13 *Mass. R.* 464. And such must be regarded as the settled rule, unless the intention to have it operate retrospectively is clearly expressed. There is nothing in the language of the act of 1835 indicating the intention to have it operate upon any suits already commenced, or upon the process arising out of

them. The design seems to have been to exempt all such process and proceedings from its operation, as decided in *Gooch & al.* v. *Stephenson & al. ante p.* 129. The debtor having performed the condition of his bond, this suit cannot be maintained. Several other questions were made in this case, but the one now decided being conclusive, it is not necessary to consider them.

*The exceptions are sustained and a new trial granted.*