Briggs *v.* Hubbard.

WILLIAM P. BRIGGS *v.* GEORGE·S. HUBBARD.

The court will not construe a statute as intended to have a retrospective operation, unless such intention is clearly manifested by the terms of the statute.

By the Revised Statutes it was provided, that in certain cases a judgment rendered by a justice of the peace might be vacated, on petition to the county court at the first or second stated term after the rendition of the judgment, and the case be proceeded with as though entered by appeal. By the statute of Nov. 1, 1843, the limitation was repealed, and it was provided, that no such petition should be sustained, "unless brought within two years next after the justice's judgment." And it was held, that it was not the intention of the legislature, that the statute of 1843 should be retrospective in its operation, so as to allow a petition to be sustained in a case in which, before the enactment of the statute, the limitation provided in the Revised Statutes had expired.

THIS was a petition, founded on section eight, chapter thirty three, of the Revised Statutes, praying that a judgment rendered against the petitioner by a justice of the peace, by default, might be reversed, and a trial be allowed in the case. The petition was preferred on the first day of January, 1844; and the petitioner alleged, that the judgment by default was rendered on the second day of May, 1842. The defendant moved, that the petition be dismissed, for the reason that it was not preferred at the first or second stated term of the county court next after the rendition of the judgment by default.* The county court, March Term, 1844,—BENNETT, J., presiding,—dismissed the petition, *pro forma.* Exceptions by petitioner.

*Briggs* and *Underwood* for petitioner.

The statute of Nov. 1, 1843, is made for the suppression of fraud and to give a speedy remedy for a right, and should be liberally

---

*By sect. 9, chap. 33, of the Revised Statutes it is provided, that no such petition shall be sustained, unless preferred at the first or second stated term of the county court after the rendition of such justice's judgment. By section one of the statute of Nov. 1, 1842, [Acts of 1843, p. 7,] it is provided, that no such petition shall be sustained, "unless brought within two years next after the justice's judgment." And by section two of the same statute the limitation in sect. 9, chap. 33, of the Revised Statutes is repealed.

construed, because such a construction is in furtherance of justice. 3 Inst. 381 *b*. *Dayton* v. *Grimke*, 2 Bail. Eq. R. 392. *Blake* v. *Haywood*, Ib. 208. *Wimbish* v. *Talbois*, Plowd. 48. 9 Bac. Abr. 252. *Pool* v. *Nute*, 2 Sid. 63. 1 Kent 464. In construing a remedial statute the enacting words may be extended beyond their natural import and effect, in order to include cases within the same mischief. *St. Peters* v. *Middleborough*, 2 Yo. & Jer. 196. *Crocker* v. *Crane*, 21 Wend. 211. 3 Cow. 89. 15 Johns. 380. This statute should be construed as a part of sections eight and nine of chap. 33 of the Revised Statutes. Minot's Dig. 653. *McCartee* v. *Orphan Asylum*, 9 Cow. 437.

It is contended, that the law is unconstitutional, because it disturbs vested rights;—but it is difficult to see how a vested right can be acquired by *fraud* and *circumvention*,—and still more difficult to see how that right is disturbed by giving the parties a fair hearing in a court of justice. *Foster* v. *Essex Bank*, 16 Mass. 245. *Commonwealth* v. *Hampden*, 6 Pick. 501. *Knight* v. *Dorr*, 19 Pick. 48. Statutes affecting the remedy, merely, are not within the prohibitory clause of the constitution. *Sturges* v. *Crowninshield*, 4 Wheat. 122. 16 Mass. 245. *Maidstone* v. *Stevens*, 7 Vt. 487. *Locke* v. *Dane*, 9 Mass. 360. *Holden* v. *James*, 11 Mass. 396. 3 Story's Com. on Const. 248. *Williams* v. *Norris*, 12 Wheat. 128. *Mason* v. *Haile*, Ib. 370. *Catlin* v. *Jackson*, 8 Johns. 520. *Brown* v. *Storm*, 4 Vt. 37. *Bell* v. *Roberts*, 15 Vt. 741. *Bemis* v. *Clark*, 11 Pick. 452. *Holyoke* v. *Haskins*, 9 Pick. 259. *Bacon* v. *Callender*, 6 Mass. 303. 3 Metc. 213.

*J. Maeck* for defendant.

Statutes should be prospective, only, in their operation. 4 Bac. Abr. Statute C. 2 Co. Inst. 292. 1 Bl. Com. 46. Retrospective statutes, when they interfere with private, vested rights, are unjust, oppressive, unconstitutional and void. 1 Kent 455-6. *Dash* v. *Van Kleek*, 7 Johns. 503, 505, 507. 2 Gal. 134, 141. *Gilmour* v. *Shuter*, 2 Mod. 310. *Couch q. t.* v, *Jeffries.* 4 Burr. 2460. 1 Bay 93, 179. *Calder et ux.* v. *Bull*, 1 Pet. U. S. Cond. R. 172. *Ogden* v. *Blackledge*, Ib. 411. *United States* v. *Schooner Peggy*, Ib. 258. *Foster* v. *Essex Bank*, 16 Mass. 270. *Brown* v. *Penobscot Bank*, 8 Mass. 449. *Medford* v. *Learned*, 16 Mass. 215. *Somerset* v.

*Dighton,* 12 Mass. 395. *Woart* v. *Winnick,* 3 N. H. 487. *Lowry* v. *Keyes,* 14 Vt. 66. No legislature has the power of passing a statute of limitations, suddenly barring actions on past transactions, —as for torts; and if so, they have not the right of opening a transaction, by removing the statute. The rights of the parties in the latter case are to be adjudged by the laws in existence when the statute was passed. A party can equally have a vested right to a defence, as in any other thing. MARSHALL, Ch. J., in *Sturges* v. *Crowninshield,* 4 Pet. Cond. R. 421. *Call* v. *Hagger,* 8 Mass. 430. It has been endeavored to maintain the existence of such powers, on the ground that statutes of limitation relate to the remedy only. But where the statute either destroys or impairs the right, the argument is mere nonsense. STORY, J., in *Le Roy* v. *Crowninshield,* 2 Mason 168. So reluctant have courts been to suppose the legislature intended to give a retrospective effect to a statute, that they have held they would not infer such intent, unless the legislature had manifested it by the most express and positive terms. *Gilmour* v. *Shuter,* 2 Mod. 310. *Couch q. t.* v. *Jeffries,* 4 Burr. 2460. *Dash* v. *Van Kleek,* 7 Johns. 477. *Woart* v. *Winnick,* 3 N. H. 472. *Society* v. *Wheeler,* 2 Gal. 105. *Medford* v. *Learned,* 16 Mass. 215. *Whitman* v. *Hapgood,* 10 Mass. 437. *Somerset* v. *Dighton,* 12 Ib. 395. *Call* v. *Hagger,* 8 Ib. 429. *Williams* v. *Pritchard,* 4 T. R. 2. 1 Pet. Cond. R. 257.

We likewise contend, that the statute, if retrospective, is contrary to the constitution of the United States, because it impairs the obligation of a contract. A judgment is a contract of the highest nature, and has so been repeatedly held by this court. Here this contract had become perfect, as against this remedy; and we contend that a statute, which exposes it again to this remedy, impairs its obligation.

The opinion of the court was delivered by

BENNETT, J. The judgment, sought in this case to be vacated, was rendered on the second day of May, 1842; and the present petition was not prayed out, until more than two terms of the county court had elapsed from the time of the rendition of the judgment. This petition is brought under the eighth section of chap. 33 of the Revised Statutes; and the ninth section provided, that no such petition should be sustained, unless preferred at the first or second

stated term of the county court next after the rendition of the judgment by the justice. This section continued in force until after the petitioner was fully barred of his present remedy. The statute of 1843 declares, that no petition shall be sustained under the provisions of sections 8 and 9 of chap. 33 of the Revised Statutes, unless brought within two years next after the rendition of the judgment by the justice. The second section of the statute of 1843 repeals so much of the ninth section of the Revised Statutes, as related to the time in which the petition must have been preferred.

We are now called upon to revise the decision of the county court, dismissing the petition.

The case has been argued, somewhat at length, upon the ground, that the statute of 1843 is unconstitutional, if intended to apply to a case, in which the petitioner had no right to prefer his petition at the time the law was passed.

Some members of the court consider, that the judgment of the justice is a contract, within the tenth section of the first article of the constitution of the United States,—which restrains the state legislatures from passing any law impairing the obligation of contracts,—and that the judgment, being unappealed from, and the time having elapsed, in which a petition could be preferred under the then existing laws, became to all intents and purposes a *final judgment*, and that any law subsequently passed, authorizing the court, in its terms, to vacate the judgment, must, of necessity, impair its obligation.

The statute, in such case, if constitutional to would empower the county court to set aside and vacate a judgment, which had become *final* and *absolute* before any attempt on the part of the legislature to confer the power, and which must otherwise have remained a *final and absolute judgment.* So far as this question is concerned, I do not perceive that it can make any difference, whether the legislature directly vacate the judgment and grant a new trial, or empower the court to do it. If the legislature directly granted the new trial, it might be farther objected, that the granting the new trial was a judicial act; but the obligation created by the judgment would be none the less impaired in the one case, than in the other.

The statute of 1827, appointing road commissioners, made it their duty to make personal inspection of the subject matter of the

petition which should be preferred to them, and to adjudicate and make order thereon, which was made *final* and *conclusive;* and the statute authorizes the commissioners to tax cost in behalf of the successful party and issue execution for the same.  In 1828 the statute was passed, giving an appeal from the determination of the commissioners to the county court; and one section of the statute allowed an appeal from the decision of the commissioners already made, if applied for within ninety days after the passing of the statute. In the case of *Hill et al.* v. *Sunderland,* 3 Vt. 507, it was held, that this section of the statute was unconstitutional and void, as it respected those persons, to whom damages and costs had been awarded when the act was passed.  It was considered, that such persons had acquired a right to the damages and costs, which had been awarded them under the adjudication of a tribunal of competant jurisdiction, which was, when made, *final* and *conclusive,* and that those rights could not be hazarded, or destroyed, by subsequent legislation.

It appears to me, that that case goes far to determine the character of the statute in question, as applied to the case before us.  But we do not find it necessary to put the case upon this ground, since the court are all well agreed, that it could not have been the intention of the legislature, that the statute of 1843 should have a *retroactive* operation, so as to embrace those cases, in which the remedy was fully barred when the statute was enacted.

It is an elementary principle, that all laws are to commence *in futuro* and operate *prospectively;* and no one can question the correctness of the position, as a general rule, that no statute is to be so construed, as to have a retrospective operation beyond the time of its enactment, unless the language is too explicit to admit of any other construction.   The statute of 29 Charles II, called the statute of frauds, enacted, that no action should be brought, after a certain day specified, upon any agreement in consideration of marriage, &c., unless some note or memorandum in writing be signed &c.   It was held, that this statute should not be so construed as to affect parol promises, made before its passage.   The court considered, that the intention of the Parliament was only to prevent for the future, and that it was a *cautionary* law.   *Helmore* v. *Shuter et al.,* 2 Show. 17. See also the case of *Dash* v. *Van Kleek,* 7 Johns. 493,—where the question of construction was much considered by THOMPSON, J.

Burlington v. Essex.

The statute of Charles II is very strong. Its language is, *no action shall be brought*, &c. The statute of 1843 declares, that no petition shall be sustained, unless brought within two years after the rendition of the judgment by the justice. This is not, in terms, declaring, that every petition shall be sustained, if brought within the two years; and we are not bound so to construe these words, unless we think such was the intention of the legislature. So to construe them would be to open afresh a controversy, which had become closed by lapse of time, and in which the rights of the parties had become so fixed, as not to be liable to be disturbed under the then existing laws. Every law, that takes away or impairs *rights vested* agreeably to existing laws, is retrospective. To say the least of such laws, they are generally unjust, and neither accord with sound legislation, nor the fundamental principles of the social compact. It would be an unjust imputation against the legislature, to suppose they intended a law of that description, unless the most clear and unequivocal language is used.

The law under consideration does not necessarily, or even reasonably, require such an interpretation, as to affect the case now before the court. As the statute of 1843 repeals the limitation under the former statute, it was doubtless the intention of the legislature, that it should be so far retrospective, as to reach cases, upon which the statute bar had not then fully run. Farther than this we think the legislature did not intend to go. Farther than this the language of the statute does not require us to go.

The result is, the judgment of the county court, dismissing the petition, is affirmed.