HON. JOHN PIERPOINT,
HON. LOYAL C. KELLOGG, } ASSISTANT JUDGES.
HON. ASAHEL PECK,

---

ABIAL RICHARDSON, *Administrator* of THOMAS RICHARDSON, *v.*
BARNA A. COOK AND CAROLINE RICHARDSON, *Executors of*
WARREN B. RICHARDSON.

*Statute of Limitations. Contract. Constitutional Law.*

The statute, § 25, ch. 63, G. S., providing, that "no acknowledgment or promise
shall be held to affect any defence made under the provisions of this chapter,"
(relative to limitations of actions), "unless such acknowledgement or promise
shall be in writing signed by the party affected thereby," held to be prospective,
and not retrospective, in its action, therefore not applicable to a case pending
when said statute took effect.

Richardson, Adm'r, *v.* Cook et al., Ex'rs.

Laws that change and modify remedies, forms of proceedings, or the tribunal itself, are recognized as valid, provided they do not directly, or indirectly, destroy or abolish all remedy whatever by which the performance of any class of valid legal contracts may be enforced.—POLAND, Ch. J.

APPEAL from the probate court. The declaration contained only the common counts in *indebitatus assumpsit* demanding $2000. Pleas, the general issue, and the statute of limitations. The pleadings resulted in a demurrer to the rejoinder. The question presented upon the pleadings is whether upon the trial of the issue "*non assumpsit infro sex annos*" in a suit pending at the time the General Statutes of 1863 took effect, an acknowledgement or promise not in writing is sufficient to take the case out of the statute of limitations.

The court, at the September Term, 1864, BARRETT, J., presiding, adjudged the rejoinder insufficient and rendered judgment for the plaintiff for $908. and costs,—to which the defendant excepted.

*H. E. Stoughton*, for the defendant, maintained that the statute under consideration may be retrospective in its operations, still it is not *ex post facto*, nor does it impair the obligation of contracts. *Forbes* v. *Smith et al.*, 1 Tyler 38; *Bell* v. *Roberts*, 13 Vt. 582; *Brown* v. *Storm*, 4 Vt. 37; *Lowry* v. *Keyes*, 14 Vt. 66; *Wires & Peck* v. *Farr*, 25 Vt. 41; *Briggs* v. *Hubbard*, 19 Vt. 86; *Raymond* v. *Southerland*, 3 Vt. 506; *Foster et al.* v. *The Essex Bank*, 16 Mass. 245; *Locke* v. *Dane et al.*, 9 Mass. 361; *Patterson* v. *Philbrook et al.*, 9 *Ib.* 151; *West* v. *West*, 2 Mass. 223; *Bickford* v. *Boston & Lowell R. R. Co.*, 21 Pick. 109; *Abner B. Lane*, apt., 3 Met. 213; *Wright* v. *Oakley et al.*, 5 Met 400; *Willard* v. *Clark*, 7 Met. 435; *Brigham* v. *Bigelow*, 12 Wheaton, 268; *Colder and Wife* v. *Bull and Wife*, 3 Dallas, 386; *Sturgiss* v. *Crowningshield*, 4 Dallas, 206; *Mason* v. *Haile*, 12 Wheaton, 370; 19 Pick. 578; *Decouche* v. *Savetier*, 3 Johns. Ch. 190. The defendant had no *vested* right to prove by parol the promise made prior to the time when the General Statutes went into operation requiring proof of such promise to be in writing. *See cases cited above.* Angell on Limitations, p. 298-9 and 18; Story on Conflict of Laws, §§ 578, 580; *Ansel* v. *Ansel*, 14 C. L. R. 716; *Fowler* v. *Chatterton*, 19 E. C. L. 123; *Hillard* v. *Lenard*, 22 E. C. L. 313; *Hayden* v. *Williams*, 20 E. C. L. 81. The

act is not even retrospective in its operations, it is prospective and simply relates to the time of trial. *See cases cited above.*

*Charles N. Davenport,* for the plaintiff.

Section 25 of chap. 63, G. S., does not apply to or affect any suit pending at the time of its enactment. Session Laws of 1864, No. 32, p. 49 ; § 3 ch. 130, p. 766, G. S.

It is obvious that the plaintiff had an existing right of action at the time he brought his suit. It was a right vested under prior existing statutes. And the legislature had no constitutional power to pass a statute which would operate retrospectively to take away this vested right. *Wright* v. *Oakley,* 5 Met. 400 ; *Bates* v. *Kimball Adm'r,* 2 D. Chip. 77 ; *Dupy q. t.* v. *Wickwire,* 1 D. Chip. 237 ; *Staniford* v. *Barry Adm'r,* 1 Aik. 321 ; *Ward* v. *Barnard,* 1 Aik. 121 ; *Hill et al.* v. *Sunderland,* 3 Vt. 507 ; *Dash* v. *Van Kleeck,* 7 Johns. 477 ; *Gilmore* v. *Streeter,* 2 Mod. 310 ; *Couch* v. *Jeffries,* 4 Barr. 2460 ; Angell on Lim. 18, *et seq.*

POLAND, Ch. J. This action was pending when the General Statutes came into force as laws, on the first day of August, 1863.

The defendants by the pleadings concede, that their testator within six years before his decease, made such a verbal new promise to the plaintiff's intestate, to pay his debt to him, that by the then existing law the debt was in full force as an existing legal obligation, and an adequate legal remedy also existed by which its payment might be enforced. At the time when the pleadings were filed, and when the cause was heard and decided in the county court, the General Statutes were in force, § 25 of chap. 63 providing, that "no acknowledgment or promise shall be held to affect any defence made under the provisions of this chapter, unless such acknowledgment or promise shall be in writing, signed by the party affected thereby."

The defendants claim, that although their testator's promise when made, bound him to the payment of the debt, and when the plaintiff brought this action, he had a legal cause of action and right to recover ; still that as the above quoted section of the General Statutes came into force before the time of trial, the case is governed by it, and the testator's promise cannot be proved and made available to avoid the bar of the statute of limitations, because not in writing. It is not denied but that this application of the statute to the case,

39

has the effect to deprive the plaintiff of any legal right or power to enforce the performance of what was a legal, valid obligation at the time this suit was brought; but it is said, that this statute is one affecting the *remedy* merely, and not the *right;* that it is merely establishing a different rule of evidence, by which new promises to take debts out of the statute of limitations shall be proved; and that as it is agreed that the legislature have the undoubted power to alter and modify the forms of proceedings in legal tribunals, and vary rules of evidence, even in reference to existing causes of action and suits pending, therefore no valid objection exists to applying this new section of the General Statutes to the plaintiff's case; that if it works an injury to the plaintiff, and deprives him of what was before a good ground of action, it is only one of those exceptional, incidental misfortunes, attendant upon all changes in the forms of remedies, and the course of legal proceedings, and does not prove that the legislature might not properly make such change in the law.

The plaintiff insists that if this section of the General Statutes is given a retrospective action, so as to apply to all verbal promises made before the act came in force, it is to that extent unconstitutional and void, as being a law "impairing the obligation of contracts," which the several states are prohibited from passing, by the constitution of the United States.

The "obligation of a contract," within the meaning of the constitution, is not merely the *moral obligation* of the party who has received the consideration, and is therefore equitably bound to perform the agreement on his part, but it is the *legal obligation,* which embraces not only the *right* of the party entitled to performance, but the power by law to enforce and consummate that right, by compelling that performance. It is this legal obligation,—this right to enforce, and make effectual by legal compulsion, in the case of unexecuted contracts, which the state legislatures are forbidden to impair. See Story's Com. on Constitution, vol. 3, p. 241, §§ 1370 to 1376.

It has been repeatedly said by courts in pronounced judgments, and by writers on the constitution, that this prohibition in the constitution does not apply to statutes relating to remedies, and that therefore it is no objection to a remedial statute, that it is retro-

Richardson, Adm'r, *v.* Cook et al., Ex'rs.

spective in its operation. With the qualification, that such statutes shall not be allowed to impair the obligation of contracts, or disturb absolute vested rights, the doctrine is free from objection.

It is clearly within the legislative power of the state to make such changes and alterations in the forms and modes of administering justice by its tribunals, as they may deem most conducive to the general welfare; but when under the guise of changing or modifying the remedy, or changing a rule of evidence, all remedy whatever is taken away for the enforcement of any class of valid contracts, such legislation ventures across the prohibited constitutional boundary, and is so far invalid.

There appears to be a great deal of loose and indefinite language in the cases upon this subject, and hardly entire harmony in the decisions themselves. Some of the language used would seem to go far enough to hold, that if the statute was only one in relation to the remedy, it was not open to constitutional objection, though it took away all remedy whatever.

But we think that the result of all the discussions and decisions is, that such laws are valid, with the qualification above stated, that they do not impair the obligation of contracts, or disturb absolute vested rights; or in other words that the legislature may change and modify remedies, forms of proceedings, or the tribunal itself, as they choose, but they shall not directly, or indirectly, destroy or abolish all remedy whatever, by which the performance of any class of valid, legal contracts may be enforced.

Among the subjects of legislation which have generally been classed as pertaining to the remedy, and not to the right, is the statute of limitations. That this is so far true, that the legislature might shorten, or lengthen, the period of the statute as to contracts already existing, cannot be successfully denied. But is it equally clear that the legislature might shorten the period of the statute as to existing debts, so that the creditor should have no opportunity at all to enforce the debt, and so that his debt would be barred the moment the statute was passed? If the legislature were to pass a law providing that no action whatever should be brought or maintained upon any promissory note heretofore given, no one would question but that such act would be unconstitutional and void.

If the legislature were to enact that no action shall be brought or maintained upon any promissory note heretofore given, except within one year from the date of such note, could it be claimed that such law was valid and binding as to all notes within its terms? It seems to me the same difficulty in principle exists as in the case of a prohibition of suits on all notes.

And so as applied to the present case, the plaintiff had at the time this section of the General Statutes was passed, a valid, subsisting legal contract against the defendants, which the law furnished an adequate and effectual remedy to enforce, but by this section, if it applies to the case, all right and remedy to enforce that contract is absolutely taken away, and so of all the numerous class of cases standing like the plaintiff's.

It seems to me that the same constitutional difficulty underlies this act, when applied to previous verbal promises, as would an act prohibiting any action on a note previously executed.

But we are relieved from going into any extensive examination of this constitutional question, or from making any decision upon it, for we are all agreed that this section of the statute does not apply to parol promises made before this section came in force.

In this country retrospective legislation has never been favored. The contracts of parties are made, and the conduct and acts of the people regulated, by the law existing at the time, and any subsequent change in the law by which any different effect, or consequence, is attached to such previous contracts or acts, is always productive of more or less injustice; so that irrespective of the constitutional inhibitions against *ex post facto* laws, and laws impairing the obligation of contracts, (but still somewhat in analogy to, and harmony with them,) such subsequent legislation will be presumed to have been intended by the legislature to be *prospective*, and not *retrospective*, in its action.

In *Briggs* v. *Hubbard*, 19 Vt. 86, the principle is thus stated by the court: "It is an elementary principle, that all laws are to commence *in futuro*, and operate *prospectively*; and no one can question the correctness of the position as a general rule, that no statute is to be so construed, as to have a retrospective operation beyond the

time of its enactment, unless the language is too explicit to admit of any other construction."

See also to the same effect, 1 Kent's .Com. 455, 456 and notes, 8th ed. This principle has been repeatedly acted upon and applied in this court. In the above case of *Briggs* v. *Hubbard,* which was a petition to vacate a judgment by default, rendered by a justice of the peace, and for a new trial, the statute in force at the time such judgment was recovered, provided that a petition to vacate, &c., should be brought to the first, or second term of the county court, after the rendition of such judgment. Subsequently the legislature passed an act providing that such petition should be commenced within two years. The plaintiff's petition was brought after the passage of the latter act, and was within two years after the rendition of the justice's judgment, but it was not within the act in force at the time.

The court dismissed the petition, and held that the statute was intended by the legislature to have a prospective operation only, as a different operation might work wrong and injustice, and disturb rights acquired under the former statute.

In *Lowry* v. *Keyes,* 14 Vt. 66, it was decided that the act of 1832, which provided that, "if any person shall go from this state before the cause of action shall be barred, the time of such absence shall not be reckoned in determining the time within which such cause of action shall be barred," was not intended to operate upon causes of action already barred by the operation of the previous statute.

And in *Wires & Peck* v. *Farr,* 25 Vt. 41, the court went farther, and held that the act of 1832 had no retrospective action whatever, and that the defendants in making out the statute bar, was entitled to have reckoned all the time after the cause of action accrued prior to the passage of the act of 1832, although he was out of the state.

It was not questioned in these cases but that it was within the constitutional power of the legislature to have made the act apply to all existing causes of action, as a debtor cannot properly be said to have a vested right to a mere statutory defence; but the court said that although the general language of the act was consistent enough with such a construction, they would presume that the legislature did not

intend to disturb any defence acquired, either totally, or partially, under the former statute.

So in *Wright* v. *Oakley et al.*, 5 Met. 400, a decision was made to the same effect as in our case of *Lowry* v. *Keyes*, and the judgment in that case pronounced by Ch. J. SHAW, contains a very full and satisfactory discussion of the principles applicable to statutes, and when they should, or should not, be allowed to operate retrospectively.

The same principle of presuming that the legislature intended a new statute to operate prospectively only, where a retrospective effect would work injustice, and disturb rights acquired under the former law, has been adopted and acted upon in the English courts, although parliament in its legislative powers is unclogged by any constitutional restrictions.

An early and notable example of this class arose under the statute of frauds passed in the 29th of Charles II, which enacted that in several classes of actions on promises, "no action shall be brought, &c., unless such promise be in writing signed by the party, &c." It was "held that parol promises made before the passage of this statute, and valid as the law then stood, were still binding and to be enforced according to the former law." *Gilmore* v. *Streeter*, 2 Mod. 310 ; same case, 2 Shaw, 17. The principle of these decisions seems exactly applicable to the case in hand.

The defendants rely very strongly upon *Fowler* v. *Chatterton*, 6 Bing. 258, (19 E. C. L. 75), and several other similar English decisions, as governing this case.

The statute of 9 Geo. IV, c. 14, was almost identical in language with the section of our General Statutes which comes in question in this case, and it was decided in *Fowler* v. *Chatterton*, and in several other cases about the same time, that after that statute came in force a parol promise made prior to the statute could not be proved as an answer to the plea of the statute of limitations. The statute was passed on the 9th day of May, but it was provided by another section that it should not take effect until the first day of the following January.

The opinions of the judges are exceedingly meagre of reasons for giving this effect to the statute. The fullest opinion of all is that of

Richardson, Adm'r, *v.* Cook et al., Ex'rs.

PARK, J., in *Fowler* v. *Chatterton*, and the only reason he gives is based upon the fact that the operation of the statute was postponed for nearly eight months, for the purpose of enabling all persons holding parol promises to enforce them by action, and thus avoid the injustice and hardship which would be occasioned by an immediate operation of the new law.

However satisfactory, or otherwise, this reason may be, it seems to be virtually conceded that if the act had been passed without the provision for delay in taking effect, it would have been entitled to a different construction in this respect.

It may be said that the same reason exists for giving the same construction to this section of our General Statutes ; that the General Statutes were enacted by the legislature in the fall of 1862, and did not go into effect until August 1st, 1863. But this delay applied not to this section only, but to the whole body of the laws embraced in the General Statutes ; so that it can hardly be supposed that the legislature intended the delay as a warning to creditors whose debts were in legal life by virtue of parol promises of their debtors, that they must bring them into judgment before the first day of the succeeding August.

Another satisfactory answer to any such suggestion in reference to our statute is, that by the settled course of the sessions of our courts, and the rules of practice in them, a litigated suit could not have been commenced and brought to a final trial in the period which elapsed between the passage, and coming into effect, of the General Statutes, showing clearly that the delay could not have been given for any purpose of enabling creditors to avail themselves of such parol promises before the new law took effect.

In justice to the counsel for the defendants, (who has argued the cause with great learning and ability,) it ought to be said, that he has attempted no argument drawn from the fact that this law did not take effect from its passage, and what has been said on that point has been suggested by the reason given by the English judges.

That this statute is eminently one where the principle of prospective effect only should be given, we regard as clear, both on principle and by the authority of previous cases. By the parol new promise the plaintiff's debt was equally valid and as easily enforced as if he

had taken a new note, or an acknowlegment or promise to pay it in writing. He had done all that the law required to make himself secure, and might well omit to do more ; he might very naturally have given delay and favor to his debtor, and neglected to collect his debt, relying upon this very promise to pay. Under these circumstances, if the legislature had the power, it would be most manifest injustice for them to interpose a new statute defence, that would enable the defendants, without any fault or laches on the part of the plaintiff, to avoid judgment. It is a clear case, as we think, for presuming that they intended no such unjust effect. If anything were needed to show what the legislature in fact intended, it might be found in the haste with which they gave their construction of this section, after they learned what was claimed for it. See Session Laws of 1864, 49, No. 32.

This view renders it unnecessary for us to examine, or decide on other grounds presented, as to whether, if this section of the statute applied to the case, it would be within the saving act, ch. 130, G. S., or whether the case is affected by the act of 1864.

Judgment affirmed.

