THE STATE *v.* JANE SMITH.

The act of 1870, which provides that in all indictments for murder the degree of the crime charged shall be alleged, is not retrospective, and does not apply to an indictment pending at the date of its passage to which the accused had not pleaded.

INDICTMENT for murder; brought to the Superior Court in New Haven county. The accused moved to quash the indictment, and also filed a special demurrer, on the ground that the degree of murder was not specified. The questions of law arising on these pleadings were reserved for advice.

*H. B. Munson,* in support of the demurrer and motion.

*W. C. Robinson,* with whom was *E. K. Foster,* State Attorney, contra.

FOSTER, J. The bill of indictment on which the questions in this case arise was duly found and presented to the Superior Court for the county of New Haven, at the March term, 1870. It is drawn in the usual form; indeed it is not contended that it is an imperfectly framed bill, as the law then stood.

At the May session of the General Assembly, 1870, an act was passed in addition to the act concerning crimes and punishments, which act contained two sections, the first of which is as follows: "In all indictments for murder the degree of the crime charged shall be alleged, *provided* the jury may find the accused guilty of a less crime than that charged, in the same manner as if this act had not been passed." If this were the whole of the act, we, should have no hesitation in holding that it did not apply to bills of indictment then pending:—that is, that the law was prospective, not retrospective. The old maxim, *Nova constitutio futuris formam imponere debet, non præteritis,* older perhaps than the English language, settles the principle. Broom Leg. Max., 14. And not only is it the doctrine of the English law that a statute is not to have a retrospective effect, but it is also founded on the principles of general jurisprudence. A retroactive statute would partake in its character of the mischiefs of an *ex post facto* law, as to all cases of crimes and penalties, and in matters relating to contracts or property would violate every sound principle. Dwarris on Stat., 680–1. This court has repeatedly recognized and sanctioned these doctrines to the fullest extent. *Goshen* v. *Stonington,* 4 Conn., 209; *Plumb* v. *Sawyer,* 21 Conn., 355; *Taylor* v. *Keeler,* 30 Conn., 325; *Skinner* v. *Watson,* 35 Conn., 126. We should therefore, as we have already expressed ourselves, undoubtedly decide that the statute of 1870 was altogether prospective in its character, if the section we have above quoted comprised the whole act. It does not; the second section reads thus:—"This act shall not affect the trial or subsequent proceedings upon any indictment now pending to which the accused has plead" [pleaded].

.The first impression on reading this section would be that it was added out of abundant caution, to prevent the possible application of the law to indictments then pending. It is but just to presume that the legislature did not intend by this act to permit one, or any number of persons, indicted by a'grand jury as guilty of the foul crime of murder, to be turned loose upon the community, and so to escape trial altogether, or subject the state to the risk of another arrest, and the cost of another hearing before another grand jury. The phraseology of the section, however, is peculiar. If the construction given to it by the counsel for the accused be correct, the result above indicated is inevitable.

The proviso that the act shall not affect pending indictments to which the accused " has plead [pleaded], means, it is insisted, that it shall affect those to which the accused has not " plead" [pleaded]. Such an implication logically arises ; it is plausible, and not without some force. But we cannot sacrifice the principles of justice and sound law, as in our estimation we should do, if we yielded to any merely logical or legal technicality or subtlety, however nice or ingenious. It is not entirely unheard of in the history of legislation that acts have become laws without being fully understood by the body enacting them. Lord Coke says, " In times past I find that the Houses of Parliament have not been fairly dealt withal, but by cunning artifice of words utterly deceived." 4 Inst., 42. We hope nothing of like kind ever took place in our General Assembly, or if it did, that it was long ago, and that the practice is reformed altogether.

As the second section of this act, the proviso, makes no allusion whatever to a pending bill of indictment where the accused has not pleaded, which is the case at bar, we think it a just and sensible rule of construction to hold that the question before us is wholly unaffected by this proviso; in other, words, that the sufficiency or insufficiency of this bill of indictment is to be decided with reference solely to the first section of the act of 1870. So construed, that act will have no retrospective, but an exclusively prospective effect; and we feel confident that such was the intent of the legislature.

Our advice therefore to the Superior Court is to deny the motion to quash the indictment, and to overrule the demurrer.

In this opinion the other judges concurred; except CARPENTER, J., who was absent.