ANDREW DONAHOE vs. WILLIAM COLEMAN.

An act passed in 1872 provided that no action should be maintained for intoxicating liquors sold in any other state or country with intent to enable any person to violate any law of this state relating to the sale of intoxicating liquors. Held not to be retrospective, and therefore not applicable to such a sale of liquors made prior to its passage.

ASSUMPSIT upon a promissory note; brought to the Superior Court in Windham County, and tried to the court before *Culver, J.* Facts found and judgment rendered for the plaintiff. Motion in error by the defendant. The case is sufficiently stated in the opinion.

*S. Lucas* and *S. H. Seward,* for the plaintiff in error.

*J. J. Penrose,* for the defendant in error.

CARPENTER, J. In the years 1870 and 1871 Charles Donahoe, now deceased, at Woonsocket, in the state of Rhode Island, sold to one McCoombs spirituous liquors, amounting to about two hundred dollars, to be sold in his saloon in this state in violation of the laws of this state. Donahoe knew that the liquors were to be so sold. In February, 1876, the plaintiff became the lawful owner of the claim against McCoombs, it being then unpaid. In June of that year the plaintiff brought a suit in his own name against McCoombs at Woonsocket, and caused his body to be arrested. McCoombs while lawfully held under arrest proposed to execute the note in suit and procure the defendant to endorse the same for the debt if the plaintiff would take the note in settlement of the debt and release him from arrest, which proposition the plaintiff accepted. The defendant was present, and knew what the debt was for, and that the liquors were purchased to be sold in this state, and that Charles Donahoe had such knowledge at the time of the sale.

Upon these facts the defendant claimed that the note was not valid, and that he was not liable upon it. The court overruled this claim and rendered judgment for the plaintiff for

the amount of the note. A motion in error brings the case before us.

At the time of the sale one section of the statute then in force relating to the sale of intoxicating liquors was as follows:—"No contract shall be rendered invalid or illegal by the provisions of this chapter." Gen. Statutes of 1866, p. 705, sec. 43. By force of this section the statute prohibiting the sale of intoxicating liquors did not invalidate this contract, whatever otherwise might have been its effect at common law. Subsequently the act of 1872 was enacted, which provided that no action should be maintained for intoxicating liquors sold in any other state or country with intent to enable any person to violate any law of this state relating to the sale of intoxicating liquors. This act cannot affect the contract previously made unless we give it a retrospective operation. The legislature has not in terms made it so, and we are unable to discover that such was the intention of the legislature. We must regard the contract therefore as unaffected by the act of 1872.

The contract being valid when made, it remained so, and the debt thereby created was a legal consideration for the note in suit.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.