## STATE v. CARLOO WELCH.

### GENERAL TERM, 1891.

*Jurisdiction.    Intoxication.    Ex post facto law.    St. 1890, No. 41.*

1.  The legislature may confer upon justices of the peace jurisdiction of an offence committed prior to the passage of the act.

2.  St. 1890, No. 41, does confer such jurisdiction with respect to the crime of intoxication.

3.  That statute is not unconstitutional as an *ex post facto* law.

Complaint for intoxication, begun before a justice, and coming by appeal into the county court. Heard at the December term, 1890, Caledonia county, TYLER, J., presiding, upon a motion of the respondent to dismiss for want of jurisdiction. The motion was overruled and the respondent excepted.

*Bates & May* for the respondent:

Statutes are never to be construed as retrospective unless made so by their express terms; especially penal statutes. Sedg. Cont. Law, p. 279; *Berley* v. *Ramparker*, 5 Due 181; *Richardson* v. *Cook*, 37 Vt. 599; *Giddings* v. *Tur-*

*geon*, 58 Vt. 106; *Com.* v. *Horner*, (Mass.) 26 N. E. Rep. 872; *R. R. Co.* v. *Cilley*, 44 N. H. 578; *Jackman* v. *Garland*, 64 Me. 133; *Giles* v. *Giles*, 22 Minn. 348; *Vreeland* v. *Brumhall*, 3 N. J. L. I.; *City* v. *Hill*, 29 N. J. L. 555; *Bedford* v. *Shilling*, 4 S. & R. 401; 8 Am. Dec. 718; *Holyoke* v. *Haskins*, 5 Pick. 20; 16 Am. Dec. 372; *Dash* v. *VanKleech*, 7 John. 477; 5 Am. Dec. 291 and note; *Perkins* v. *Same*, 7 Conn. 558; 18 Am. Dec. 120 and note; *Gassett* v. *Doe*, 1 Scam. 335; 30 Am. Dec. 653; *Peck* v. *Farr*, 25 Vt. 41; *Watkins* v. *Haight*, 18 John. 138.

If given a retrospective effect the law in question is *ex post facto*. *Caldwell* v. *State*, 55 Ala. 133; *Flaherty* v. *Thomas*, 12 Allen 428; *Com.* v. *Davis*, 11 Gray 48; *Com.* v. *McDonough*, 13 Allen 581; *Moore* v. *State*, 14 Vt. 43; *State* v. *Fleming*, 66 Me. 151; *State* v. *Beswick*, 13 R. I. 211; 43 Am. Rep. 46; *State* v. *Doherty*, 60 Me. 514; *State* v. *Lowe*, 21 W. Va. 783; 45 Am. Rep. 570; *Lindzey* v. *State*, 65 Miss. 542; 7 Am. St. Rep. 674.

*Harry Blodgett*, State's Attorney, for the State.

The legislature might confer jurisdiction of an offence committed before the passage of the act conferring it, and such was the manifest intention of this act. *Hine* v. *Pomeroy*, 39 Vt. 223; *Somers* v. *Johnson*, 4 Vt. 278; *Maidstone* v. *Stevens*, 7 Vt. 487; *Brown* v. *Storm*, 4 Vt. 37; *State* v. *Conlin*, 27 Vt. 318; *Sturgis* v. *Hull*, 48 Vt. 307.

The opinion of the court was delivered by

THOMPSON, J.  The respondent was prosecuted before a justice of the peace for being found intoxicated. The complaint alleged two prior convictions of the respondent for a like offence. He was found guilty as charged in the complaint, and sentenced by the justice as required for a third conviction. From this conviction and sentence the

respondent appealed to the county court, and there moved to dismiss the complaint for want of jurisdiction. This motion was overruled.

If the justice of the peace did not have jurisdiction, the motion should have been granted.

At the time the alleged offence was committed the justice did not have jurisdiction of it, except to bind over a respondent for his appearance at the county court, nor did he have jurisdiction other than this at the time of the trial before him, unless it was conferred by St. 1890, No. 41, which provides that justices of the peace shall have concurrent jurisdiction with the county court of offences for intoxication under Section 3,812 of Revised Laws, as amended by St. 1888, No. 36. This act conferring jurisdiction was passed and went into effect after the commission of the alleged offence, but before the commencement of the prosecution.

I.   The respondent contends that this statute was intended to confer jurisdiction only in prosecutions for intoxication committed after the time when it took effect, and that it should be so construed as to apply only to such prosecutions.

It is not by its provisions limited to prosecutions for future offences. Its language is comprehensive enough to cover prosecutions for all offences of this kind, whether past or prospective. Hence, standing upon its terms, it is broad enough to include prosecutions for offences which had been committed and which were subject to prosecution at the time it went into effect. The statute is remedial. In such case the rule of construction to be adopted is that stated in *Hine* v. *Pomeroy*, 39 Vt. 211, viz: "Ordinarily statutes are held to operate prospectively, and not retrospectively, unless it appears that they were designed to have the latter operation. When it is sought to have such operation given to a statute to the impairment of an existing right, or the infliction of a

wrong, established and familiar principles would require the courts effectually to interpose and prevent such results.

"When, without such consequences, the intention is apparent that the law should have such operation, such intention would prevail. Again, if such intention was not manifested by the form and language of the enactment, still, if the just results would constitute a reason for giving it such operation, and it was not restrained in this respect by some provision of it, such reason would be permitted to operate, and the act to have such effect."

The St. 1890, No. 41, relates solely to the remedy. Its manifest purpose was to enlarge the remedy already existing for the punishment of offences against the public. Prior to its passage the question had arisen whether the binding over of a respondent charged with being found intoxicated, for his appearance to the county court, by a justice of the peace, if done within thirty days after the offence was committed, was a commencement of the prosecution within thirty days, as required by Revised Laws, § 3,812, so as to save the running of the statute. No. 41 was intended to remove all doubt on this point, and to prevent the operation of the statute of limitations, when the alleged intoxication occurred thirty days or more prior to the next stated term of the county court. It was also intended to prevent the expense and delay attendant upon the examination and binding over of the respondent to the county court. It was not a departure from the policy of the legislature in respect to conferring jurisdiction upon justices of the peace in prosecutions for alleged violations of the provisions of our statutes relating to the traffic in intoxicating liquors, but on the contrary, it was in the line of the policy which had already conferred jurisdiction upon justices in all criminal cases arising under such statutes, except prosecutions for intoxications.

Having regard to the terms and provisions of this act, to

its history, to the purpose for which it was enacted, and to the policy of the State in conferring jurisdiction upon justices in this class of cases as shown by previous legislation, a majority of the court are of the opinion that the legislature intended this act to operate from the time it took effect, to confer jurisdiction in all subsequent prosecutions, without regard to the time when the alleged offence was committed.

II. The respondent also contends that, if this act is retrospective, then it is an *ex post facto* law, and therefore void as to this respondent. The contention is not sound. It is well settled that the provision in the constitution of the United States, prohibiting the enactment of such laws either by the States or Congress, is confined to laws respecting the punishment of crimes, and has no relation whatever to retrospective legislation of any other description. Cooley's Con. Lim. (4th Ed.) 323.

In the leading case of *Calder* v. *Bull*, 3 Dall. 390, Judge Chase, in delivering the opinion of the court, defines an *ex post facto* law within the words and intent of the prohibition to be: "1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was when committed. 3. Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed. 4. Every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offence, in order to convict the offender." This classification of *ex post facto* laws seems to have been generally accepted. Cooley Con. Lim. (4th Ed.) 325.

The statute in question has none of the elements essential to make it an *ex post facto* law. It does not change the punishment, the rules of evidence, nor what constitutes the crime or offence. It relates solely to the remedy by which

an offence, as it existed under the law then in force, may be punished in accordance with that law.

The defendant in his brief admits that the legislature has power to pass acts touching the remedy, process or procedure, provided it affects no vested right and is not *ex post facto*. This is true as applied to the enforcement of contracts, with the modification that the new law must give the parties a substantial remedy. Cooley Con. Lim. (4th Ed.) 350. *Richardson* v. *Cook*, 37 Vt. 599; *Hine* v. *Pomeroy*, *supra*. A respondent has no vested right to be tried in any particular court. Cooley says: "But so far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. Remedies must always be under the control of the legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice, and heard only by the courts in existence when its facts arose. The legislature may abolish courts and create new ones, and may prescribe altogether different modes of procedure in its discretion, though it cannot lawfully, we think, in so doing dispense with any of those substantial protections with which the existing law surrounds the person accused of crime." Cooley's Con. Lim. (4th Ed.) 331. If the legislature may create a new court to try existing offences, it is clear that it may confer jurisdiction on a court already existing to try the same offences.

It is urged that this law is *ex post facto*, because if the prosecution is commenced before a justice, a respondent, if there convicted for an offence committed prior to the time when the law became operative, would have to pay more costs, in case he appealed to the county court and was there convicted. To this claim it may be said that the costs of a prosecution are only an incident of it, and in every case are

more or less dependent upon a variety of causes and incidents connected with or growing out of each case. A respondent has no vested right to have his case so tried that the costs shall not exceed a certain amount. The mere fact that the expense of a trial is greater in one court, or in one county or district than in another, does not make a statute providing for the trial of a respondent for an offence existing at its passage, in such other court, county or district, an *ex post facto* law. In *Gut* v. *State of Minnesota*, 9 Wall. 35, L. Ed., Book 19, p. 573, the Supreme Court of the United States says: "A law changing the place of trial from one county to another in the same district, or even to a different district from that in which the offence was committed, or the indictment found, is not an *ex post facto* law, though passed subsequent to the commission of the offence or the finding of the indictment. An *ex post facto* law does not involve, in any of its definitions, a change of the place of trial of an alleged offence after its commission."

The respondent also insists that by holding that the justice had jurisdiction he is deprived of the right of having either the state's attorney or a grand jury determine whether he ought to be prosecuted or not. He seems to have forgotten, at least in connection with this contention, that this prosecution was commenced by a complaint preferred to the justice by the state's attorney, who presumably had investigated the case before he instituted the prosecution. The offence charged being a misdemeanor, the respondent has no constitutional right which protects him from prosecution unless indicted by a grand jury. R. L. § 1,618; *State* v. *Halcy*, 52 Vt. 476.

A majority of the court are of the opinion that the justice's court had jurisdiction of the offence charged in the complaint, and that the respondent's motion was properly overruled by the county court.

*Judgment that the respondent take nothing by his exceptions, and that the cause be remanded to be proceeded with.*

Start, J., dissents.

START, J.   I am unable to concur in the conclusion reached by a majority of the court.   The act in question was passed after the commission of the offence charged, and provides that, "Justices of the peace shall have concurrent jurisdiction with the county court of offences for intoxication under section three thousand eight hundred and twelve of the Revised Laws as amended by number thirty-six of the Acts of 1888."   The legislature had power to give this act retrospective force, but I think it has not done so.   The act does not, in terms, express any intention on the part of the legislature to give justices of the peace jurisdiction of offences committed before its passage.   If such jurisdiction is conferred, it is by necessary inference from the enactment.   It is a rule of construction that an enactment of the legislature shall be so construed as to operate prospectively only, unless the intention to give it retrospective force is clearly expressed in the act, or to be inferred by necessary implication from the words of the act taken by themselves, and in connection with the subject-matter and the occasion of the enactment.   *Briggs* v. *Hubbard*, 19 Vt. 86; *Richardson, Admr.*, v. *Cook et. al.*, 37 Vt. 599; *State* v. *Littlefield*, 93 N. C. 614; *People* v. *Supervisors of Essex*, 70 N. Y. 228; *Smith* v. *Lyon*, 44 Conn. 178; *Donahoe* v. *Coleman*, 46 Conn. 319; *State* v. *Smith*, 38 Conn. 397; Endlich on Interpretation of Statutes, § 171; *Whitman* v. *Hapgood*, 10 Mass. 437; *Dash* v. *Van Kleeck*, 7 Johns. 477; *Perkins* v. *Perkins*, 7 Conn. 558; *Lowry* v. *Keyes*, 14 Vt. 66; *Wires & Peck* v. *Farr*, 25 Vt. 41.

In *State* v. *Littlefield, supra,* it is held that an act giving exclusive, in place of former concurrent jurisdiction, will not be construed as operating retrospectively, if another construction can fairly be given to it.

In *Smith* v. *Lyon*, *supra*, it is said : "Retroaction should never be allowed to a statute unless it is required by express command of the legislature, or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all of its provisions."

In *Hastings* v. *Lane*, 15 Me. 134; it is said to be a settled rule of construction that a statute should not have a retrospective operation, unless the intention to have it so operate is clearly expressed.

In *Oyon's Succession*, 6 Robinson 504 (41 Am. Dec. 274), it is held to be a sound rule of construction never to consider laws as applying to cases which arose previously to their passage, unless the legislature has, in express terms, declared such to be its intention.

*In re Tuller*, 79 Ill. 99 (22 Am. Rep. 170), it is held, on the authority of the principal cases and others there cited, that it is the doctrine applicable to all laws that generally they are to be considered as prospective, and not to prejudice or affect the past transactions of the citizen. Not that the legislature cannot, in some cases, make laws with a retrospective operation, but that it is not to be supposed it so intended, unless that intention has been manifested by the clearest and most unequivocal expressions.

In *Lewis* v. *Brackenridge*, 1 Blackford 220 (12 Am. Dec. 230), it is said that as a general rule statutes should be so construed as to have a prospective operation only.

Without the clearly expressed intention of the legislature courts will not give to the law retrospective operation, even where they might do so without a violation of the paramount law of the constitution. *Garrett* v. *Wiggins*, 1 Scammon (Ill.) 335.

In *Briggs* v. *Hubbard*, *supra*, it is said that it is an elementary principle that all laws are to commence *in futoro* and operate *prospectively;* and no one can question the correctness of the position, as a general rule, that no statute is

to be so construed as to have a retrospective operation, unless the language is too explicit to admit of any other construction. This rule is quoted with approval in *Richardson, Admr.*, v. *Cook et al.*, *supra*, and Poland, Ch. J., in delivering the opinion of the court, says: "This principle has been repeatedly acted upon and applied in this court. * * * In this country retrospective legislation has never been favored. The contracts of parties are made, and the conduct and acts of the people regulated by the law existing at the time, and any subsequent change in the law by which any different effect or consequence is attached to such previous contracts or acts, is always productive of more or less injustice; so that irrespective of the constitutional inhibition against *ex post facto* laws, and laws impairing the obligation of contracts (but still somewhat in analogy to and harmony with them), such subsequent legislation will be presumed to have been intended by the legislature to be prospective, and not retrospective, in its action."

In *Lowry* v. *Keyes*, *supra*, it is held that the statute of 1832, in relation to the limitation of actions, providing that, "if any person shall go from this State before the cause of action shall be barred," the time of such absence shall not be reckoned in determining the time within which such cause of action shall be barred, was not intended to operate upon causes of action which were then clearly barred by the operation of the previous statutes of limitation. In *Wires & Peck* v. *Farr*, *supra*, the court went further, and held that the act of 1832 had no retrospective action whatever, and that the defendant, in making out the statute bar, was entitled to have reckoned all the time after the cause of action accrued prior to the passage of the act of 1832, although he was out of the State.

In *Richardson, Admr.*, v. *Cook et al.*, *supra*, Poland, Ch. J., after referring to the cases of *Lowry* v. *Keyes* and *Wires & Peck* v. *Farr*, says: "It was not questioned in these

cases but that it was within the constitutional power of the legislature to have made the act apply to all existing causes of action, as a debtor cannot properly be said to have a vested right to a mere statutory defence; but the court said that although the general language of the act was consistent enough with such a construction, they would presume that the legislature did not intend to disturb any defence acquired, either totally or partially, under the former statute."

There is nothing in the language of the act itself, the subject-matter, or the occasion of its passage, to indicate that the legislature intended it to have retrospective force. The statutes in force at the time of its passage were sufficient for the detection, trial, and punishment of persons violating the law relating to intoxication, and these statutes have not been repealed.

When the act was passed all offences, except such as were committed within thirty days prior thereto, were barred by the statute of limitations, and the act could have retrospective force only in respect to offences not barred by the statute. Complaints for intoxication are usually made at the time of the committing of the offence. The number of past offences in respect to which the act could be operative, if such was the intention of the legislature, must have been very limited, and there was no necessity for giving the act retrospective force in order to prevent delay, expense, and the running of the statute. Presumably, prosecutions had already been commenced in nearly all of these cases, and I think the legislature did not intend to give this unusual effect to this enactment for the purpose of having it operative upon the very limited number of offences committed within thirty days prior thereto, and in which prosecutions had not been commenced.

At the time the offence was committed, the respondent could not be put upon trial until the state's attorney had filed an information against him in the county court, or until the

grand jury for the county, after hearing the evidence produced by the State, had found and returned an indictment to the court. If the legislature intended the act to operate retrospectively, then it intended to deprive the respondent, and those charged with the commission of like offences before the passage of the act, of the benefit of such investigation, and to subject them to the expense of a trial before a justice of the peace before having such a trial as is guaranteed by the constitution.

There was no necessity for giving the act retrospective force, and I think the legislature did not intend to give it other or different force from that usually given to enactments, and that its application is confined to cases arising subsequently to its enactment. By giving the act prospective force only, complete effect will be given to it and no right impaired.