## DANIEL M. BARBER *v.* TOWN OF DUMMERSTON.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and
WATSON, JJ.

Opinion filed July 26, 1900.

*Compensation for damages done by dogs—Liability under V. S. 4836 to 4840 attaches to dog-tax fund—Liability under V. S. 4841 attaches to town—V. S. 4841 imposes a new liability and is not retrospective in scope*—Before V. S. 4841 took effect one suffering certain damages by dogs could obtain, out. of the dog-tax fund of the town, compensation therefor in full or in part according to the sufficiency of the fund, through an appraisal by a. selectman or by a selectman and co-appraisers. V. S. sec. 4841 provided that a person suffering such damage might, upon the failure of the selectmen to act, recover his damages of the town in an action of debt. This section created a liability on the part of the town which did not previously exist, and in view of its language and scope was not. retroactive in its operation.

*Construction of statutes—Retrospective legislation*—A statute will not be construed so as to give it retroactive effect unless the intention to give it such effect is clearly expressed in the act or is to be inferred by necessary implication from the language of the act taken in connection with the subject matter of the enactment.

ACTION OF DEBT under V. S. 4841. Heard on demurrer to the declaration, Windham County, March Term, 1900, *Start*, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepted and the cause was passed to the Supreme Court before final judgment.

*Haskins & Schwenk* for the defendant.

*H. G. Barber* and *Waterman & Martin* for the plaintiff.

THOMPSON, J. The plaintiff seeks to recover of the defendant, damages occasioned by the worrying, maiming and killing of plaintiff's sheep by dogs, June 22, 1893. This action is brought under V. S. sec. 4841, which provides that upon failure of the selectmen of a town to perform the duties prescribed in V. S.

secs. 4836 and 4839, the party suffering the loss may recover the same with costs of such town in an action of debt founded upon sec. 4841. This section was enacted in 1894. The plaintiff's sheep were injured and killed prior to its enactment. The only question raised in argument, is whether sec. 4841 is retrospective in its effect.

It is the rule of law that a statute will not be so construed as to operate retrospectively, unless the intention to give it such force is clearly expressed in the act, or to be inferred by necessary implication from the language of the act taken by itself and in connection with the subject matter of the enactment. *Lowry* v. *Keyes*, 14 Vt. 66; *Briggs* v. *Hubbard*, 19 Vt. 86; *Richardson, Admr.* v. *Cook*, 37 Vt. 599; *Hine* v. *Pomeroy*, 39 Vt. 211; *State* v. *Welch*, 65 Vt. 50. Section 4841 creates a liability on the part of towns in respect to such damages, which did not previously exist. There is nothing in the language of this section nor in the subject to which it relates, to indicate that the legislature intended it to apply to cases in which the non-feasance of the selectmen had already occurred at the time it went into effect. On the contrary, its language and scope is such as to clearly indicate that it was intended only to apply prospectively. Therefore the plaintiff's declaration discloses no cause of action against the defendant and its demurrer should have been sustained.

*Judgment reversed, demurrer sustained and second count of the declaration adjudged insufficient, and judgment for the defendant to recover its costs.*