IIaii, Judge,
 

 delivered the opinion of the Court:
 

 The policy of the Legislature in giving a summary remedy against sheriffs, is obvious. They considered that there was no necessity of going through all the forms of an ordinary suit, against a man who had in MS'hands public money. Where an individual sues another, delay is frequently necessary to prepare for .trial: but this is not the case with two persons, one acting as county trustee, the other as sheriff. As to the objection in this case, that the Defendant is out of office, there is no good reason to support it. The question is not, whether the Defendant now be sheriff, but was he sheriff at the time the monies now claimed of him came into ins hands ? He is in no worse situation, nor is the county trustee in any better, by his being out of office. This is not like the cases where remedies are given in a summary way, by Courts against their officers as such. There they proceed against them as
 
 their
 
 officers, forming part of the Court,
 
 *501
 
 but moving in an inferior sphere. On this account it is, that the Judges, who have the control over them, com-' pel them in a summary way, to do their duty. This is a power inherent in all Courts. But the moment a man ceases to he an officer of a Court, he falls into the common mass of citizens, and is no longer amenable to it as an officer. The present Defendant is not called upon by such a power. The law of the land has pointed out the mode of proceeding now in question, against him, as well as against all public delinquents. It is a matter of no consequence whether he be out of office or not.
 

 As to the other objection, that the act which authori-ses this proceeding, passed in the year 1808, and that the Defendant cannot be proceeded against under it for public monies which came into his hands previous thereto, and that the remedy which the county trustee then had,, must he resorted to : it may be answered, that when an act of Assembly takes away from a citizen a vested right, its constitutionality may be enquired into : but when it alters the remedy or mode of proceeding as to rights previously vested, it certainly, in that respect, runs in a constitutional channel. The act of 1808, ch. 21, declares, “ that the county trustee shall annually call upon the sheriffs of their respective counties, for the payment of all monies that may he in their hands due to the trustee,
 
 &c.;
 
 and if any sheriff shall fail to account, then, &c. to move for judgment against such sheriff, &c.. ten days notice being previously given, &c.’L This act does not alter the rights of the sheriff $ it only alters the mode of proceeding against him. Surely the Legislature have the right to do this. But it is said, the act of 1808, created new penalties. If it did, the answer is, they are not sought to be enforced in this case. But in truth, no new penalties are created : the act of 1795, which the act of 1808, was intended to amend, pronounced the same penalties against delinquent sheriffs. These acts are beneficial, and should be liberally construed. The motion for judgment against the Defendant, must be allowed.