Two questions arise in this case: first, the operation of the acts of 1776, and, secondly, the effects of the private acts of Assembly passed in 1778, entitled "An act to quiet Thomas Brown, of Bladen County, esquire, in his title to and possession of divers lands, tenements and hereditaments therein referred to." As to the first, Mrs. Brown being at the time of making the deed a feme covert, her deed without a private examination, according to the act of 1751, is a mere nullity and void. By the rules of the common law femes covert are morally incapable of doing any act which is to bind themselves; this act forms an exception to the common-law rule, and to give validity to this deed of the feme covert it must appear that the deed in question comes within the exception. It has been insisted that the certificate of the clerk that "the deed was acknowledged in open court and ordered to be registered," imports a private examination, or, if it did not, that it is to be presumed the court did its duty by examining Mrs. Robinson; but we think differently, and on this branch of the case I believe we are unanimous.
The certificate implies only that the parties came into court in the usual form, and, as the acknowledgment is stated to be in open court, excludes the idea of any other acknowledgment; and though it is correct to presume the doing in a proper manner everything confided to a court, when it shall appear the court has done the thing entrusted to it, yet that only holds good as to the manner, and is not universally true as a proposition to that extent.
The reason of the rule is that courts will be inclined (418) to support the thing done, and leave it the parties to reverse the judgment by writ of error; but in summary proceedings which are not according to the rules of the common law, no writ of error will lie; and in such cases it is required that everything should appear which authorized the doing of the thing done. The books contain many cases of this sort upon convictions on statutes. The principle to be extracted from all the cases respecting what things are to be presumed seems to be this, that whatever is entrusted to thedetermination of the courts, to authorize the acts done, shall, when the act is done, be presumed to have been sufficient for that purpose, as when a court is authorized upon satisfactory evidence to do a particular thing: in such a case they are made the judges of the *Page 290 sufficiency of evidence; but when they are only authorized upon particular prerequisite circumstances they are not entrusted
with the authority to determine, and for the thing done to be valid the essentials required by law must appear to warrant the proceedings of the court. We are therefore all of opinion that the certificate of probate does not warrant a presumption that Mrs. Robinson was privately examined as required by the act of 1751, and consequently that the deed is void. Then as to the other point, a majority of us entertain the opinion that the private act of 1778 is a manifest violation of section 4 of our Bill of Rights, which declares "that the legislative, executive and supreme judicial powers of Government ought to be forever separate and distinct from each other." And we think that the whole of the argument in respect to the plenitude of legislative power is inapplicable to the present question. The act itself does not profess to direct the heirs of Mrs. Brown and transfer
to General Brown; it only declares "that the several deeds shall be held, deemed and taken to be firm and effectual in law for the conveyance of the lands, etc., therein mentioned, against the heirs of the said Sarah Brown, and so as to bar them and (419) every of them forever." This we consider as importing
nothing further than the determination of the Legislature upon the effects in law of the several deeds. By the Constitution they are restricted from this exercise of power; they are to make the law, and the judicial power is to expound and determine what cases are within its operation. The Legislature is the only authority which can give to afeme covert the capacity of conveying her lands; they have done so, and prescribed the particular mode in which it should be done; but whether the deed of Mrs. Brown was executed according to the provision of that law, belongs not to them to decide, nor can they do so without violating the authority under which alone they can pass any acts — the Constitution. Upon this point a majority of us are of opinion that the plaintiff is entitled to judgment, and that we are not under the necessity of re-examining the question whether the Legislature does possess the power of stripping one individual of his property without his consent and without compensation, and transferring it to another. That principle has already been twice examined in this Court, and in both cases determined against the power. University v. Foy, 3 N.C. 310, 374; Allen v. Peden, 4 N.C. 442. Divers cases have been decided the same way in the Supreme Court of the United States, which, we think, ought to put the question at rest. *Page 291