*353
 
 Ruffin, C. J.
 

 This is a proceeding to recover damages for unreasonably worrying, maiming and killing the hogs of the plaintiff, while trespassing on the enclosed ground of the defendant, the same not having a sufficient fence. It was commenced by complaint before a justice of the peace, according to the act of 1831,
 
 Rev. St c.
 
 48 ; and he, together with two freeholders, viewed and examined the fence of the defendant, and adjudged it to be insufficient. and assessed the damages to $20. For that sum, the justice rendered judgment, and the defendant appealed to the County Court, aud then to the Superior Court, and to this Court. On the trial, on not guilty pleaded, the defendant gave evidence, that the grounds on which the plaintiff’s hogs trespassed and were killed, were owned and cultivated by another person and himself jointly; and insisted, therefore, that this remedy did not lie. The Court, however, instructed the jury, that, notwithstanding that objection, the plaintiff might recover. In that opinion, this Court concurs. The defendant, though not the sole proprietor of the field, was the sole perpetrator of the injury to the plaintiff. But even that is not essential to' the plaintiff’s remedy ; for, if the other tenant,had united in the wrong, the defendant would be liable by himself, upon the ground that
 
 tort feasors
 
 are joihtly and severally answerable. The defendant objected further, that the plaint was substantially defective, inasmuch as it does expresslw refer to the statute, which gives this remed; that, in actions for penalties impose^ other actions founded on rights creai for which, consequently, thére was no declaration, like an indictment, must statute or statutes, stating not. only t. necessary to bring the case within the act, but also expressly counting on it. BuFwe'T'elieve the rule extends no farther, and does not embrace the base in which a statute is simply remedial, giving an
 
 *354
 
 easier or cumulative remedy for a wrong, for which there was an action at the common law. It is true, the distinction has not been always observed in practice. But pleaders often introduce unnecessary allegations from abundance of caution ; and we do not find the distinction any where judicially denied. Declarations on statutes after alleging the facts which, according to the statutes, give the right to the plaintiff, usually add “by. means whereof, and by force of the statute in such case made and provided, the said A. B. became liable to pay it;” or
 
 “
 
 whereby and by force of the statute, an action hath accrued,” &c. But they do not state, that, by force of the statute, an action in particular, as
 
 debtor case or the
 
 like, or in some particular Court, has accrued
 
 to
 
 .the plaintiff. As far as a statute constitutes an ingredient in the plaintiff’s right, it is, upon principle, a necessary part of the declaration ; and when the right is thus established, and the proper action is brought for a violation of it, the redress ought to be given by the law, though the act, which gives the particular action, be not specified in the declaration. A familiar example is suggested in the practice here. The jurisdiction of a justice of the peace, out of Court, is created by statute. Yet a warrant never refers to the statute, as giving that remedy, when the demand is one, for which there was an action at common law, as debt, or assumpsit on contract. This distinction mentioned, though not uniformly observed, is an ancient one. Thus Fitz Herbert says, that the form of the writ of waste against tenant in dower and guardian varies from that against other tenants. In the writ against tenant in dower, the plaintiff “ doth not rehearse the statute, which gave the writ of waste, nor the writ of waste against the guardian, because they were punishable at the common law, before the statute by prohibition and attachment thereupon, if they did waste.” N.B.125. On that passage, Lord Hale makes several annotations on the pleadings.
 
 *355
 
 and process ip waste; but he does not question the distinction laid down in the text, nor the reason assigned for it. It appears indeed to have been a usual practice, in actions of debt on bonds to perform covenants, under the
 
 Statute
 
 8 and 9
 
 William
 
 3, c. 11, to precede the assignment of a second or subsequent breach with the words, “ and for further breach of the said A. B. according to the form of the statute in such case madé and provided, says, &c.” But it is seen now, that that was
 
 ex abundia cau-tela
 
 and not requisite; for it is held in the modern cases, that breaches are sufficiently assigned, although the declaration may not use the language,
 
 “
 
 according to the form of the statute.”
 
 Hardy
 
 v. Bem, stated in
 
 Roles
 
 v.
 
 Roeswell,
 
 5 T. R. 539.
 
 Tombs
 
 v.
 
 Painter,
 
 13 East. l. It was never supposed, that a reference to the statute was necessary, if but a single breach was assigned ; and, indeed, when several breaches are assigned, the precedents have no such reference in respect to the first breach, but only to the further breach or breaches. The reason for the difference probably was, that, at common law, ths plaintiff was obliged to assign a breach, and could not assign more than one. For a single one forfeited the bond, and adding another made.'the declaration void for duplicity, 1
 
 Saund.
 
 58
 
 a.
 
 To remove that objection, It seems to have been thought proper to rely expressly on the statute, as the authority for the duplicity. For, at common law, although the plaintiff must assign a breach in order to shew the land to be forfeited,
 
 Hayman
 
 v.
 
 Gerrard,
 
 1 Saund. 101, yet the jury did not assess the damages therefor, as the' measure of the plaintiff’s redress, but only a nominal sum for the detention of the debt, and the recovery was of the penalty and the defendant had to seek relief in equity. But there is no doubt, that the statute, which is now held to be compulsory on the plaintiff, applies as well to a case, in which there is but a single breach, as to one in which there are several; for in each case the object is to ascertain the real dama
 
 *356
 
 ges, whether arising from one or several breches, and, by the payment of those damages, to discharge the debtor’s body and estate, without resorting to a Court of Equity. The consequence would be that, in the case of but a single breach — that being within the act — it is as necessary to refer to the statute, as the authority for assessing the true damages therefrom, as it is in respect of a second or other breach. For if the plaintiff must, in every case, proceed under the statute, and, if he be obliged in any case to count on the statute, he must be obliged in every case so to count. So the converse must be true : that, if in one case, he need not count on it, he shall not be obliged in any. And such is the conclusion, adopted in the cases before referred to; and, instead of being a departure from the rule of Fitz Herbert, or an exception to it, it is a confirmation, of that rule.
 

 The present case falls within the rule. This remedy, indeed, is given only against a person, who injures stock in his grounds inclosed with an insufficient fence. But that is a trespass, for which the common law gave an action, as well as for a trespass in any other form: for, although the owner of land might take
 
 up
 
 or drive away beasts trespassing on his land, yet he could never unreasonably worry, maim or kill them.
 

 For these reasons the Court is of opinion that the judgement should be affirmed.
 

 Per Curiam. ' Judgment affirmed.