## MARY JOHNSON v. SUSAN DIXON.

A tenant from month to month is under no obligation to make substantial repairs.

The lessor is bound to make such repairs as are necessary to make the premises secure and safe, for the purposes for which they are rented; and if its insecurity is known to him, it is negligence not to do so.

The rule that tenant takes premises at his own risk (*caveat emptor*), does not apply where the premises become dangerous or uninhabitable by the wrongful act or default of the landlord.

Where a stall was leased for the purpose of keeping a horse, and the tenant informed the landlord of a defect in the floor, and the landlord gave an explanation of it, and said he would attend to it, and, through relying on

Johnson v. Dixon.

such explanation and promise, in consequence of the insecurity of the floor, the horse was injured—*Held*, that this was negligence on the part of the landlord, and that the tenant might recover damages for such injury.

The action was brought in the Marine Court, to recover the value of a horse. It appeared on the trial that the plaintiff had rented a stall from the defendant at two dollars and fifty cents per month; that there was an excavation under the stall, of which plaintiff was ignorant; that the flooring of the stall was in bad condition, and that plaintiff called the attention of the defendant's agent to it; that defendant's agent gave as an excuse, that it had last been occupied by a kicking horse, and that he would attend to it; that the next night the plaintiff's horse had slipped his leg through, and injured itself so that it died. The plaintiff had judgment, which was affirmed at General Term, and the defendant appealed to this Court.

*T. Stuyvesant*, for the appellant.

I. There was no evidence that the defendant ever agreed that the stall was in a safe condition.

II. The plaintiff was aware that the stall was not secure, and should have repaired it; and not having done so, she must bear the loss. *Kastor* v. *Newhouse*, 4 E. D. Smith, 20.

III. In the absence of any agreement in regard to repairs, the plaintiff cannot call on the defendant to make them. *Blunt* v. *Aiken*, 15 Wend. 522.

*Charles Davies*, for respondent.

By the Court.—Daly, F. J.—If the injury to the plaintiff's horse was the result, exclusively, of a wrongful act, or of negligence on the part of the defendant, the judgment was right, and that depends upon whether the defendant, after being advised that a piece of wood had come off the floor of the stall, was bound to do what was necessary to render the floor secure and safe. It was proved that there was an excavation under the stall, of about ten feet, and that the flooring of the stall was rotten. It was fair to presume, from the defendant's being the proprietor of the stall, that this was known to him. It was not known to the plaintiff when she rented the stall, nor, as would appear, to her son, who had the charge of

the horse. The son called the attention of the defendant's agent, with whom the agreement for the use of the stall had been made, to the fact that the piece of wood had come out of the floor, and that the stall was not fit for the horse, and received for answer, that a butcher had had a kicking horse there, and that he, the agent, would attend to it. The morning after this was said, it was found that the horse had broken through the floor; his hind leg was found through it, and in consequence of the injury thus received, the animal died. After the accident the defendant had the old floor torn up and a new one put down.

The plaintiff hired the use of the stall from the defendant's agent, for two dollars and fifty cents a month, and under a letting like this she was under no obligation to take up the defective floor and put down a new one. Where there is no express agreement on either side, the tenant, under such a holding is not bound to make repairs of so substantial and general a nature. • *Horsefall* v. *Mather*, Holt N. P. C. 7; Taylor's Landlord and Tenant, 163. If, as appears from the defendant's act, this was what was necessary to be done, to make the stall secure and safe for the purpose for which it was used, the obligation rested upon the defendant to do it, and such being the fact, the Justice was right in holding that it was through her negligence in not doing it, that the accident happened.

It is urged that under this letting the relation of landlord and tenant existed, and that as there was no express agreement on the part of the defendant to put or keep the stall in repair, the plaintiff for an injury to her property, from the stall's being out of repair, must bear the loss. It is undoubtedly the rule in tenancy of no greater duration than from year to year, where there is no agreement on the part of the landlord to repair, that the tenant takes the premises as they are, for better or worse, and runs the hazard of their being, or of their becoming, untenantable. *Post* v. *Vetter*, 2 E. D. Smith, 248; *Cleves* v. *Willoughby*, 7 Hill, 83. The principle upon which the rule of *caveat emptor* is founded, is as applicable in such a case as in the purchase of a chattel. But this rule has its limitation, and does not apply where the premises become dangerous or uninhabitable by the wrongful act or default of the landlord himself. *Izon* v. *Gortin*, 5 N. C. 501. In this case,

the defendant's agent was advised of the condition of the floor, and but for his statement as to the cause which produced it, and his promise to attend to it, the horse might have been withdrawn and the accident prevented. Neither the plaintiff nor her son could be deemed guilty of negligence. The son knew nothing of the excavation beneath the floor, but supposed that the floor rested upon solid ground, and the assurances given him by the defendant's agent were of a nature to quiet all apprehension. That the horse was suffered to remain upon a floor that was insecure and dangerous, until the accident happened, was by the default of the defendant's agent, in not doing what he had promised to do. The defendant being under an obligation to repair the floor, and the defendant's agent having promised to attend to it, the Justice had a right to conclude that the horse, after the conversation between the plaintiff's son and the agent, was left in the stall upon the faith of that assurance. No attention was paid to the floor by the agent until the horse fell through it, and it was in consequence of this default and neglect that the floor gave way. That the floor was insufficient to support the horse at the time when the accident happened, was owing exclusively to the wrongful act or default of the defendant or her agent, and to such a case the rule above referred to does not apply.

The judgment should be affirmed.

BRADY, J. Concurred.

HILTON, J.—[*dissenting*.]—I can perceive no ground upon which this judgment can be sustained. It is too late now to question the propriety of the rule that a landlord is under no obligation to repair demised premises without an express covenant on his part to that effect, and that to create such a duty, a positive stipulation, an express promise or covenant, is necessary to be shown.

This rule of law has become so fixed and settled by a long series of adjudications as applicable to every species of tenancy, whether at will or sufferance, or for any definite period of time, that any change in it which may be needed by the present condition of society must be effected by the Legislature directly, and not indirectly by the Courts, whose duty it is to

declare the law as they find it established. 4 Kent, 110 ; *Mumford* v. *Brown*, 6 Cowen, 475 ; Taylor's Landlord and Tenant, 155, and cases cited ; *Cleves* v. *Willoughby*, 7 Hill, 83 ; *Howard* v. *Doolittle*, 3 Duer, 464 ; *Post* v. *Vetter*, 2 E. D. Smith, 248 ; *Kastor* v. *Newhouse*, 4 *Id.* 20 ; *Hazlett* v. *Powell*, 30 Penn. 293.

The maxim *caveat emptor* is equally applicable to the transfer of real as of personal property ; and upon a demise, in the absence of any express agreement on the part of the landlord, the lessee takes the premises for better or worse, and although they may be let for a particular purpose, there will be no warranty implied that they are fit to be used for the purpose for which alone they may have been demised.

Thus, in the present case, although the premises hired by the plaintiff of the defendant was a stall in a stable, and the sole object of hiring the stall was obviously for the purpose of keeping a horse in it, yet there was no implied warranty on the part of the defendant that it was fit for such a purpose. If the plaintiff had any doubts as to the stall being fit for the object intended by her, she should, at the time of hiring, have protected herself by an express agreement on the subject ; but not having done so, she must abide the consequences.

Judgment affirmed.