STATE v. MILTON S. LITTLEFIELD.

*Jurisdiction—Statutes—Construction of.*

1. No statute should be given a retrospective operation, unless its words expressly require such construction.

2. The Legislature has power to provide that the Superior Courts shall not entertain jurisdiction of the prosecutions therein depending, and to direct that all such prosecutions shall be quashed.

3. Where two Courts have concurrent jurisdiction of certain crimes, and the Legislature enacts that one of these Courts should have exclusive jurisdiction thereof, it is error to quash an indictment for one of these crimes pending in the Courts deprived of the jurisdiction, when the act is passed.

(*State* v. *Perry*, 71 N. C., 522, cited and distinguished).

INDICTMENT, heard before *Gudger, Judge,* at August Term, 1885, of the Superior Court of MADISON county.

The indictment was against the defendant and George W. Swepson, now dead, for a conspiracy. The indictment was found at Fall Term, 1870, of the Superior Court of Madison county, and was pending at the August Term, 1885, of said Court.

*Capiases* had been regularly issued from time to time, and the return to each, was that the defendant "was not to be found." At the last mentioned Term of said Court, his Honor, Judge Gudger presiding, when the case was called on the docket, the Solicitor asked the Court for an order to the clerk to issue an *alias capias*, returnable to the next term of the Court. But the Court refused to make such an order, and made an order quashing the indictment, being of the opinion that the act of 1885, chapter 180, the latter part of the first section thereof, deprived the Court of jurisdiction to try the offence with which the defendant was charged, notwithstanding the fact that the indictment was pending when the act of 1885, chapter 180, went into effect. From the judgment of the Court, the Solicitor appealed to the Supreme Court.

*Attorney General,* for the State.
No counsel for the defendant.

ASHE, J., (after stating the facts). It is provided by the Act of 1885, chapter 180, that, "the Inferior Courts of Buncombe and Madison counties, shall have *exclusive original* jurisdiction of all crimes committed in said respective counties, of which said Courts now have jurisdiction." An Inferior Court for the county of Madison had been theretofore established, with concurrent jurisdiction with the Superior Court as to the offence of conspiracy, the crime with which the defendant in the case is charged. We are of opinion that his Honor erred in giving a retroactive effect to the act of 1885. It was certainly within the power of the Legislature to declare that the Superior Court of Madison should not entertain further jurisdiction of certain prosecutions therein depending, and direct that all such proceedings should be quashed. That would be the effect of the construction put by his Honor upon this statute, so far as relates to this indictment, for it could not again be re-instated in the Inferior Court, by reason of the statutory bar, and it is not to be presumed that

the Legislature contemplated any such result from the passage of the act of 1885. Such a construction would be giving a retrospective operation to the act, which is in violation of the general rule, that "no statute should have a retrospective effect." Although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless a contrary intention is unequivocally expressed therein. Potter's Dwarris, p. 162, note 9, and cases cited.

There is nothing in the act tending to show an intention in the Legislature to make it retrospective, but on the other hand, from the use of the term *original jurisdiction,* it would seem that it was intended that the indictments for such offences as the Inferior Court *then* had jurisdiction, should thereafter be *originated* in that Court, and that was what was meant by the use of the word "original" in the statute.

This case is distinguished from that of the *State* v. *Perry,* 71 N. C., 522. In that case, the punishment was so changed by the Legislature, as to bring the offence within the jurisdiction of a justice of the peace, and the Superior Court in which the indictment was pending, after the passage of the act reducing the punishment, had no power to pronounce judgment, and therefore the indictment was quashed. But in this case there is nothing to prevent the Superior Court from pronouncing judgment and imposing the punishment which the Legislature has attached to the offence.

There is error. Judgment of the Superior Court reversed.

Error.                                              Reversed.