### LYNCH *v.* SPEED.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

LANDLORD AND TENANT—NO IMPLIED COVENANT TO REPAIR.

There is no implied covenant that demised premises are suitable or fit for occupation or the particular use for which they are intended by the tenant; and, where there is no express covenant to repair, the landlord is not liable to the tenant for damages caused by the bad repair of the premises.

Appeal from Eighth district court.

Action by Patrick Lynch against Leslie Speed, to recover for injuries to plaintiff's horse. Judgment for plaintiff, and defendant appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*C. J. Hardy,* for appellant.     *L. C. Brown,* for respondent.

PER CURIAM. This action was brought to recover for injuries sustained by plaintiff's horse, caused by its falling through the floor of a stall in a stable belonging to defendant. The stall in question had been let by defendant to plaintiff from month to month for a period of about two years. There were other stalls in this stable, one of which was occupied by a horse belonging to defendant. Defendant's horse had fallen through the floor of the stall in which it was, two or three days previous to the time when plaintiff's horse received its injuries, and this fact was known to both plaintiff and defendant. As far as appears from the return, no change had taken place in the stable during the time it was occupied by plaintiff's horse, and it was to all appearances in the same condition as at the time of the original hiring. The evidence shows that the relation between plaintiff and defendant was that of landlord and tenant merely. "As between landlord and tenant, the law is well settled that when there is no fraud or false representations, and in the absence of an express warranty or covenant to repair, there is no implied covenant that the demised premises are suitable or fit for occupation, or for the particular use which the tenant intends to make of them, or that they are in a safe condition for use. The principle of *caveat emptor* applies, *    *    *

and, when there is no covenant on the part of the lessor to repair the buildings, * * * he is not liable to respond in damages; * * * and when a lessor is under no obligation to repair the premises, and their condition is equally as well known to the tenant as to him, there is no basis for an action against him for negligence by the tenant, * * * arising from the fact that the premises were out of repair." McAdam, Landl. & Ten. § 248; *Flynn* v. *Hatton,* 43 How. Pr. 333; *Donner* v. *Ogilvie,* 1 N. Y. Supp. 633; *Jaffe* v. *Harteau,* 56 N. Y. 398. *Johnson* v. *Dixon,* 1 Daly, 178, at first sight appears to be in conflict with these decisions, but a more careful reading of it shows that it is not, and that it was decided upon the express ground that there was an agreement by the landlord or his duly-authorized agent to repair the premises, in consequence of which the plaintiff's horse in that case was allowed to remain in the premises. There was no such agreement in the case under consideration. Even if we take the testimony of the plaintiff as true, that there was an interview between him and the defendant on the day defendant's horse was injured, and that he then said to the plaintiff, in answer to an inquiry by the latter whether the stable floor in his stall was solid, "That is all right; everything is all solid, and there is no danger at all,"—it amounted to no more than a declaration of defendant's opinion that the stall was safe, and did not amount to an agreement to repair. Whether the floor was in fact safe was as patent to plaintiff as defendant, and, if it was unsafe, could have been discovered by him as easily as by defendant, and we think the declaration, even if made, imposed no new duty upon the latter. But we think the evidence in the case did not warrant the justice in finding that such a declaration had been made by defendant, or that he was responsible for it if made. The uncontradicted testimony of three or four witnesses shows that for some time before this accident, and for a good while after, the defendant was ill, and that the nature of his illness was such as to deprive him of his reason; that he was not permitted to go out by himself, and did not go out unaccompanied, except in one instance, when he jumped out of a window in delirium. Therefore no reliance should have been placed upon any statement made by him, even if he made any, which we think very doubtful. The judgment should therefore be reversed, with costs to the appellant.