THE CORPORATION OF ELIZABETH CITY v. COMMISSIONERS
OF PASQUOTANK.

(Filed 19 February, 1908).

1. **Statutes—Construction—Effect, Prospective.**
   Statutes are construed to take effect prospectively, unless it is otherwise therein declared expressly or by clear implication.

2. **Same—Road Tax, Elizabeth City.**
   Acts of 1905, ch. 596, sec. 15, provides that "moneys raised in the county (Pasquotank) shall constitute a general fund for the common good of the roads in the county: *Provided*, that two-thirds of the road tax collected in Elizabeth City Township be turned over to the Board of Aldermen of Elizabeth City for the purpose of improving the streets and bridges of the town." Chapter 342, Acts of 1907, amends the law of 1905, so that "All moneys raised in the county shall constitute a general fund for the common good of the roads of the county and the streets of Elizabeth City." In a suit by the town to recover its proportionate part of the money, under the act of 1905, collected prior to the enactment of the law of 1907: *Held*, the law of 1907 can only have a prospective effect, and the town should recover for the moneys collected prior thereto, and in accordance with the act of 1905.

CIVIL ACTION, heard before *Ward, J.,* and a jury, at January Term, 1907, of the Superior Court of PASQUOTANK County.

This action was brought for the purpose of recovering $3,155.84, being two-thirds of the amount collected by taxation ($4,733.76) in Pasquotank County for improving and keeping in repair the public roads of the county. Three issues were submitted to the jury, which, with the answers thereto, are as follows:

"1. Under the provisions of the act of 1907, what work did the convict force of Pasquotank County do during the year 1907?" Answer: "They worked from 1 April to 16 April, inclusive."

"2. Was said work done in July, August and September by agreement with the governing authorities of Elizabeth City?" Answer: "Yes."

"3. On motion, the following resolution was adopted, and the mayor appointed a committee of one to petition the next Legislature as follows: 'That the mayor be required to petition our Legislature to change the present road law so as to give us three months work in our town with the chain gang, instead of what money we get from the road tax, and that these three months be April, May and September of each year.' Was the foregoing resolution duly passed by the Board of Aldermen of Elizabeth City?" Answer: "Yes."

The parties agreed on certain facts, which are as follows: Prior to 28 February, 1905, the public roads of Pasquotank County were worked according to the old method of convict labor, and the streets of Elizabeth City were kept in repair according to the provisions of its charter as they existed prior to the aforesaid date. On 28 February, 1905, the Legislature ratified chapter 596, Public Laws 1905, and among other provisions enacted therein was section 15, with its proviso therein contained; that, while said act was in force, and prior to 25 February, 1907, the Commissioners of Pasquotank County levied the tax as provided in said act, together with other taxes, and on 1 September, 1906, placed the same in the hands of the Sheriff of Pasquotank County for collection, said taxes amounting to $4,733.76, two-thirds of which amounted to $3,155.84.

Before 25 February, the Sheriff of said county had collected a large part of said taxes and had paid the same to the Treasurer of Pasquotank County, and by 1 May, 1907, said Sheriff had collected all of the taxes and paid them to the Treasurer and accounted for the same. The commissioners of said county made no order, either before 25 February or afterwards, to pay the said taxes to the plaintiff, nor had the Treasurer of said county paid them to it. The amount of the taxes which were collected by the Sheriff and paid to the Treasurer before 25 February has not been ascertained. Prior to 25 February, 1907, no part of said road tax

levied or collected for the year 1906 had been turned over to the Board of Aldermen of Elizabeth City, and no part of the same has since been turned over.

Chapter 596, section 15, of the Acts of 1905 is as follows: "All moneys raised in the county shall constitute a general fund for the common good of the roads of the county: *Provided,* that two-thirds of the road tax collected in Elizabeth City Township under this act be turned over to the Board of Aldermen of Elizabeth City for the purpose of improving the streets and bridges of said town."

On 25 February, 1907, the Legislature of North Carolina ratified chapter 342, Acts 1907, and the same went into full force and effect from and after its ratification.

Chapter 596, section 15, of the Acts of 1905 was amended by chapter 342, section 7, of the Acts of 1907, as follows: "That all of section 15 after the word 'county,' in line two thereof, be stricken out and the following inserted in lieu thereof: 'and the streets of Elizabeth City.' " (This amendment, then, strikes out the proviso to section 15 of chapter 596, Acts of 1905).

Here the court submitted the three issues tendered by the defendants. The plaintiff excepted to the submission of said issues and objected to any evidence offered by the defendants tending to prove the same.

The court charged the jury that, if they found the facts to be in accordance with the evidence, they should answer the issues as above set forth.

Upon the facts admitted and the verdict of the jury, the court rendered judgment for the plaintiff for the amount demanded, with interest and costs. Defendants appealed.

*Pruden & Pruden, Shepherd & Shepherd* and *George J. Spence* for plaintiff.

*Aydlett & Ehringhaus* and *J. Heywood Sawyer* for defendants.

WALKER, J., after stating the case: There is no repugnancy between the act of 1905, by which Elizabeth City is entitled to receive two-thirds of the road tax collected in the township by that name, and chapter 342 of the Acts of 1907, which amends section 15, chapter 596 of the Acts of 1905, by inserting therein the words "and the streets of Elizabeth City" after the word "county," and striking out the proviso in that section, so that it will now read: "That all moneys raised in the county shall constitute a general fund for the common good of the roads of the county and the streets of Elizabeth City." The act of 1907 can only have effect prospectively, as the intention that it shall so operate is clearly manifested by the Legislature in the phraseology used to express it. It is an elementary rule of construction that a statute will not be declared to be retroactive unless it was clearly intended so to be, and especially where such a construction would take away rights acquired under a former law, even though the Legislature would have the constitutional power thus to divest them. *State v. Littlefield,* 93 N. C., 614. It is a sound general principle that no statute takes effect as of a time prior to its ratification or has effect by any fiction or relation before it was actually passed, unless it is so declared in the statute, either expressly or by clear implication. Even remedial statutes are sometimes declared prospective in their operation and are not applied retrospectively, unless a contrary intent in some way appears. Potter's Dwarris on Statutes, p. 162, note 9. In Black's Interpretation of Laws, p. 250, we find the principle stated as follows: "Courts will not give to a law a retrospective operation, even where they might do so without violation of the Constitution, unless the intention of the Legislature is clearly expressed in favor of such retrospective operation. Except in the case of remedial statutes and those which relate to procedure in the courts, it is a general rule that acts of the Legislature will not be so construed as to make them operate retrospectively unless the Legislature has

explicitly declared its intention that they should so operate, or unless such intention appears by necessary implication from the nature and words of the act so clearly as to leave no room for a reasonable doubt on the subject." In 1 Desty on Taxation, 104 and 105, the rule is declared to be that statutes are not construed retrospectively: "Presumptively, tax laws are to have a prospective operation only, and the remedies they provide for collection will not be applied to taxes previously laid, unless an intent that they shall be is clearly manifested. Provisions in a statute which make radical changes in the rights of parties should be treated as prospective."

Under the principle established by the authorities for the construction of statutes, which we have just stated, it becomes unnecessary to decide whether Elizabeth City had any vested right to the fund in controversy which could not be taken away by subsequent legislation. It is quite sufficient, for the purpose of deciding this case, that, by applying that principle to the facts as set forth in the record, the act of 1907 can only have a prospective operation, as it refers very clearly to "money" thereafter "raised" by taxation, and not to the taxes which had been previously levied for road purposes. We can discover no intent on the part of the Legislature to give the act of 1907 a retrospective effect, so as to deprive the plaintiff of its share of the fund in dispute. The other amendments of the act of 1907, and even the amendment of section 15, standing alone, convince us that the contrary was the real purpose of the Legislature. We attach no importance to the issues and verdict in forming our conclusion, but decide the case upon the admitted facts and a consideration of the act of 1905 as amended by the act of 1907. It follows that there was no error in the judgment of the court.

Affirmed.