The defendant was indicted in the Superior Court of NASH for the unlawful sale of spirituous liquors. The bill was returned by the grand jury prior to the passage of the act of 1909 (ch. 633) which created a recorder's court for that county. Before pleading to the bill, the defendant moved to quash it, upon the ground that by that act the recorder's court was given jurisdiction of all criminal offenses below the grade of a felony, the unlawful sale of liquor being a misdemeanor. The State opposed the motion and contended that as the Superior Court had acquired jurisdiction by the finding of the bill before the act was passed, that jurisdiction was not divested by it. The court quashed the bill and the State appealed.
As a general rule, statutes operate prospectively rather than retrospectively. There are, of course, exceptions to the general rule, but this case is not within any of them. It is governed by the principle stated in S. v. Littlefield, 93 N.C. 614. In that case the Legislature conferredexclusive jurisdiction upon the inferior court of Buncombe and Madison counties of all crimes of which the said court then had concurrent jurisdiction with the Superior Court. The indictment against the defendant Littlefield was pending in the latter court at the date of the ratification of the act, and it was contended, as the defendant contends in this case, that the act deprived the Superior Court of jurisdiction, but this Court held otherwise, upon the ground that the act must be construed to have only a prospective operation. It was said by JusticeAshe, for the Court: "Such a construction would be giving a retrospective operation to the act, which is in violation of the (652) general rule, that `no statute should have a retrospective effect.' Although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless a contrary intention is unequivocally expressed therein. Potter's Dwarris, p. 162, note 9, and cases cited. There is nothing in the act tending to show an intention in the Legislature to make it retrospective, but, on the other hand, from the use of the term original jurisdiction, it would seem that it was intended that indictments for offenses of which the inferior courtsthen had jurisdiction should thereafter be originated in that court, and that was what was meant by the use of the word `original' in the statute."
We find that the act of 1909 is substantially like the one construed in that case, and the words "original jurisdiction" are used in both acts. *Page 627 
See, also, S. v. Sullivan, 110 N.C. 513. Besides, we do not think the Legislature intended by the act of 1909 to take away the jurisdiction of the Superior Court, so far as it had attached to cases then pending in that court.
There was error in quashing the bill. The judgment is reversed and set aside, and the Superior Court will further proceed in the cause, in the exercise of its rightful jurisdiction, according to law.
Error.
Cited: Waddill v. Masten, 172 N.C. 585.