J. H. WADDILL, Citizen and Taxpayer, for the Benefit of FORSYTH COUNTY, v. H. W. MASTEN, Former Register of Deeds, and the TITLE GUARANTY COMPANY.

(Filed 29 November, 1916.)

**1. Statutes, Interpretation—Prospective Effect.**

Generally a statute will be construed so as to give it prospective effect, unless the law in question clearly forbids such construction.

**2. Statutes, Interpretation—Retractive Effect—Remedial Statutes.**

A statute which is retrospective is one in some way affecting the rights of the parties incident to and growing out of a past transaction. In case of a remedial statute the rule is not so insistent, and it may be given retrospective effect where the language permits and such construction will best promote the meaning and purpose of the legislation.

**3. Same—Procedure—Parties.**

The rule that statutes may not be construed to have retrospective effect does not prevail when they concern mere matters of court procedure before action instituted, or the substitution or designation of new parties deemed necessary to a proper determination of a controversy or authorized to maintain and enforce a recognized or existent right.

**4. Same—Statutes—Register of Deeds—Fees.**

The statute, Laws 1905, ch. 436, changing the basis of compensating the register of deeds, among other county officers, from a fee to a salary basis, giving the taxpayer, having first made demand on the county commissioners, a right of action against the sheriff and his sureties, to recover taxes which the sheriff actually had collected, or should have collected, operates only on the procedure and the parties thereto, having no substantial effect on the rights and liabilities of the persons interested in the transaction, and is not a retrospective law.

**5. Actions—Register of Deeds—Fees—Taxpayer—Equity—Suits—Statutes.**

Apart from the provisions of the statute, a taxpayer has the right to prosecute a suit against the register of deeds of the county to enforce payment of taxes collected and wrongfully withheld by him when the county commissioners have refused to institute action to recover them; and when such right of action exists, usually appertaining to the exercise of the equitable jurisdiction of the courts, this jurisdiction is not necessarily withdrawn because the Legislature has provided a legal remedy, unless the statute itself shall so direct.

**6. Register of Deeds—Fees—Counties—Vested Rights—Legislature.**

    The county has a vested right in fees collected by its register of deeds and wrongfully withheld, and these being in relation to the governmental agency of the county, the Legislature has the control of the remedy and procedure to enforce their collection.

**7. Register of Deeds—Fees—Parties—Actions—Suits—Amendments.**

    While a taxpayer, in his suit independent of the statute, should make the proper county officials parties to his action against a register of deeds for unlawfully withholding fees collected by him, so they may be heard on the questions presented, and that the funds, if recovered, should be in proper custody or control, this matter affects the remedy, and may be cured by amendment.

CIVIL ACTION heard on exceptions to report of referee, before *Long, J.,* September Term, 1916, of FORSYTH.

The action was instituted by plaintiff on 10 December, 1913, against H. W. Masten, a former register of deeds of the county, for two terms, from 1 December, 1908, to December, 1912, and his codefendant, surety on his bond, to recover for fees due the county of Forsyth to the amount of $6,000 or $7,000, which plaintiff alleged said Masten had collected or should have collected by virtue and color of his office, and wrongfully withheld from the county. Plaintiff alleged, further, a demand and refusal on the part of the county commissioners to institute and maintain suit, etc.

On denial of liability, plea of settlement, release, etc., cause was referred by the court, and the referee, after a full hearing, reported that there were fees due the county of Forsyth to the amount of $6,867.17 from H. W. Masten, which he had received while in office, but ruled, among other things, as a conclusion of law, that the present action could not be maintained because chapter 80, Public Laws 1913, authorizing such suit to be instituted and maintained by a citizen and taxpayer of the county, was prospective in its operations and did not apply to the facts of the present case.

To this report the plaintiff excepted, in terms as follows: (2) "That the referee erred in finding that this action cannot be maintained by the plaintiff as instituted, because chapter 80 of the Public Laws of 1913 is not retrospective in its effect and cannot apply to settlements made between the defendant and the board of county commissioners during the year of his incumbency or amount paid to the defendant H. W. Masten by the board of commissioners of Forsyth County for making out the tax receipts."

(3) "That the referee erred in failing to find as a conclusion of law that, independent of chapter 80 of the Public Laws of 1913, the plaintiff, as a citizen and taxpayer of Forsyth County, had a common-law right to institute and prosecute this action in his own name for the benefit of Forsyth County."

The court entered judgment "overruling these exceptions" and in effect dismissing the action, and plaintiff excepted and appealed.

*A. H. Eller and Gilbert T. Stephenson for plaintiff.*
*Benbow, Hall & Benbow, Watson, Buxton & Watson, A. E. Holton for Masten.*
*Hastings & Whicker for Guaranty Company.*

HOKE, J. Under chapter 436, Laws 1905, the principal county officers of Forsyth County are to be compensated by salary, and the fees collected over and above the salary allowed become the property of the county. The defendant Masten was the duly qualified and acting register of deeds of Forsyth County from 1 December, 1908, to 1 December, 1912. The other defendant, being his surety and plaintiff, a citizen and taxpayer of the county, having first made demand on the county commissioners to act, etc., instituted the present suit, alleging that said defendant Masten wrongfully withheld from the county $6,000 or $7,000 of fees which he collected or should have collected during his term of office.

On denial of liability, the cause was referred by the court, and the referee, having heard the evidence, reports that said Masten is indebted to the county of Forsyth in the sum of $6,867.17 by reason of fees collected by him or which he should have collected during his term of office, but ruled, as a conclusion of law, that the present action could not be maintained because the statute, chapter 80, Laws 1913, authorizing any citizen or taxpayer to bring such suit, having first made demand thereto on the county commissioners, is prospective in its operation, and does not apply to the present case.

The general rule is fully recognized with us that a statute will be given prospective effect only unless the law in question clearly forbids such a construction. *Mann v. Allen,* 171 N. C., 219; *Elizabeth City v. Comrs.,* 146 N. C., 539. A retrospective law, however, within the meaning of the principle, is one that in some way affects the rights and liabilities of parties incident to and growing out of a transaction that has passed. In case of remedial legislation, the general rule is not so insistent, and such statutes are not infrequently given retrospective effect where the language permits and such a construction will best promote the meaning and purpose of the Legislature. *Connecticut and E. Ins. Co. v. Talbot,* 113 Ind., 373; *Ex Parte Brickley,* 53 Ala., 42; *People ex re Collins v. Spicer,* 99 N. Y., 225. And well considered authority is to the effect that the rule does not prevail as to statutes concerning mere matters of court procedure and before action instituted, nor to the substitution or designation of new parties deemed necessary to a proper determination of a controversy, or, as in this case, duly authorized to

maintain and enforce a recognized or existent right. These positions, both as to remedies and parties, are approved in *Tillery v. Candler,* 118 N. C., 889; *Worth v. Cox,* 89 N. C., pp. 42-48; *Oates v. Darden,* 5 N. C., 500; *Aultman, etc., Machinery Co. v. Arthur, Fish & Co.,* 120 Ill., Appellate Court, 314; *Tompkins v. Frestal,* 54 Minn., 119; Black on Inter. Laws, pp. 380-403, 408-411; 36 Cyc., p. 1213. In the cases of *Mann v. Allen* and *Elizabeth City v. Comrs., supra,* a construction giving retrospective effect to the statute would have affected the right of the parties growing out of the transaction, and *S. v. Pridgen,* 151 N. C., 651; *S. v. Littlefield,* 93 N. C., 614; *Merwin v. Ballard,* 66 N. C., 398, to which we were referred, were cases of indictment found or causes already instituted, which usually come within the general rule, and on the principle further recognized, "that a legislative enactment will not be construed to oust a jurisdiction once regularly and fully vested unless such an intention is clearly expressed." Black on Interpretation of Laws, p. 413, citing *Crane v. Reeder,* 28 Mich., 527.

In the present case, if the allegations of the complaint are established, there was a vested right of action for these fees in the county of Forsyth. Being a right appertaining to the county as a governmental agency of the State, so far as the county was concerned, it was very largely in the control of the General Assembly, *Jones v. Comrs.,* 137 N. C., 579; and they could, by statute, designate any person to institute and maintain the suit that the public interest might require. *Tillery v. Candler, supra.* Operating only on the procedure and the parties thereto, having no substantial effect on the rights and liabilities of the persons interested in the transaction or towards each other in reference to it, it was, in no sense, a retrospective law within the meaning of the principles stated, and defendant's exceptions on that ground cannot, therefore, be sustained.

There is allegation, further, in the complaint that a good portion of these fees had been collected and are now wrongfully withheld by defendant, and, as to that, if properly established, a recovery would be upheld, though a prospective effect only should, in its strictness, be allowed the statute as affecting both the right and the remedy. Apart from this, the plaintiff, as a citizen and taxpayer for Forsyth County, on sufficient and proper averment of default in this respect on part of the county officials, had and has a right to maintain an action of this character without resort to the provisions of the statute.

Suits in protection of the rights and interests of the county, on the part of citizens and taxpayers, have been frequently entertained by the courts in this State, and, while they have usually been of an inhibitive character, as in restraint of incurring an unlawful indebtedness of levying unlawful taxes, etc., the same principles, in proper cases, will uphold

recoveries for money wrongfully disposed of or withheld from the counties, on averment that the proper officials have corruptly or negligently refused to perform their duties in the matter. True, without the statute, it would be necessary in such a suit to make the proper county officials parties defendant, that they might be heard on the questions presented, and that the funds, if recovered, should be in proper custody and control; but this is a matter affecting the remedy which may, even now, if necessary, be cured by amendment, and does not affect the right of the taxpayer to proceed, on averment, as stated, that moneys are clearly due the county and the proper county officials wrongfully and corruptly or willfully refuse to institute suit to recover it. *Zuelly v. Caspar,* 160 Ind., 455; *Land Co. v. McIntire,* 100 Wis., 258; *Willard v. Comstock,* 58 Wis., 565. Speaking to the question in *Zuelly's case, supra, Dowling, J.,* delivering the opinion, said: "The reasons given by the court in support of the right of the taxpayer to maintain an action to enjoin an unlawful disposition of public funds apply with equal force where the wrong has been accomplished, the fund dissipated, and the public officers, whose duty it is to sue for and recover the money, obstinately or corruptly refuse to act. In the case of private corporations it has often been decided that a suit may be brought by a stockholder on behalf of the corporation against the directors and others for frauds, wrongs, and breaches of trust, and for the recovery from them of money of which the corporation has been defrauded, the latter being joined as defendant" (citing *Porter v. Sabin,* 149 U. S., 473, and many other cases), and further: "The legal principle which, under special circumstances and subject to somewhat narrow restrictions, permits a stockholder to sue for and redress wrongs or frauds upon the corporation may without violence be extended to the taxpayers of public corporations where the wrong is apparent, the equity clear, and the officers, charged with the duty of protecting the interests of the taxpayers, refuse to act." And when such right of action exists, usually appertaining to the exercise of the equitable jurisdiction of the courts, such jurisdiction is not necessarily withdrawn because the Legislature have seen proper to provide, by statute, a legal remedy, unless the statute itself shall so direct. *Oliveira v. University,* 62 N. C., 69; *Humphrey v. Wade,* 70 N. C., 280; *McKay v. Woodle,* 28 N. C., 352. It may be well to note that we are not passing or attempting to pass on the rights of these parties, as affected by the auditing of defendant's accounts or settlements which may have been had between him and the court authorities. Neither the report of the referee nor the evidence accompanies the case on appeal, the parties, as therein stated, intending to present the question merely of plaintiff's right to maintain the suit, and, for the reasons stated in the record, as it now appears, we are of opinion that the action is sustainable.

HINTON v. R. R.

There is error in the judgment, and this will be certified, that the cause as now constituted be proceeded with in accordance with the opinion.

Reversed.