EDISON T. HICKS, ADMR. C. T. A. OF W. HAL MANN, v. C. B. KEARNEY,
W. H. RUFFIN, TRUSTEE; J. M. ALLEN, AND MATTIE W. WILLIAMS.

(Filed 25 March, 1925.)

**Mortgages—Statutes—Limitations of Actions—Constitutional Law.**

> The conclusive presumption of the payment of a debt secured by mortgage, etc., after fifteen years, as against creditors or purchasers (Public Laws 1923, ch. 192), is prospective in its effect. Const. of N. C., Art. I, sec. 10.

APPEAL by plaintiff from *Horton, J.,* at August Term, 1924, of FRANKLIN.

On 26 October, 1903, W. Hal Mann executed to Mrs. M. E. Williams two promissory notes—the first for $250, payable 25 April, 1905; the second for $300, payable 25 April, 1906—each bearing interest from date; and to secure their payment he executed to Mrs. Williams a mortgage on real property in the town of Louisburg. He failed to pay the notes, and at his request J. M. Allen advanced the money due Mrs. Williams and took her assignment of the notes and mortgage. On 15 December, 1919, W. Hal Mann, in consideration of $4,000 (part cash, part in deferred payments), conveyed this mortgaged lot to C. B. Kearney, subject to certain encumbrances, and left in the hands of W. H. Ruffin, as trustee under a deed of trust executed by Kearney, purchase-money notes to the amount of $1,000 to secure the payment of said encumbrances.

Soon after the execution of the deed to Kearney, W. Hal Mann went to Florida, thence to New York, where he died in 1921, leaving a will, in which he gave all his property to his niece, Martha Elizabeth Conway, of Syracuse.

J. W. Mann qualified as administrator of W. Hal Mann, in Franklin County, on 16 September, 1921, and held the position until 11 December, 1923, when he resigned. About this time W. Hal Mann's will was probated in Franklin County, and thereafter Edison T. Hicks qualified as his administrator with the will annexed.

After W. Hal Mann had left the State, Allen advertised for sale the property embraced in the Williams mortgage, and C. B. Kearney, alleging that the notes and mortgage were barred by the statute of limitations, for the purpose of restraining the sale, instituted an action, in which the following judgment was entered at the November Term of 1923: C. B. Kearney v. J. M. Allen, transferee, and Mattie E. Williams, mortgagee. This cause coming on to be heard before Hon. T. H. Calvert, judge presiding, it is now, by consent of all parties, ordered and adjudged that the plaintiff be nonsuited of his action. It is further ordered and adjudged that the restraining order heretofore issued herein

be and the same is hereby dissolved, and that the money or securities deposited with W. H. Ruffin be applied to the payment of the note and mortgage executed by W. Hal Mann to Mattie E. Williams and assigned to J. M. Allen to the extent of the balance due upon the same, and the costs of this action, and that the remainder thereof be paid to the personal representative of W. Hal Mann. T. H. Calvert, judge presiding. W. H. Yarborough, attorney for defendants. C. B. Kearney, plaintiff."

The object of the instant suit is to cancel the notes and mortgage assigned to Allen, on the ground they are barred, and to have the notes held by W. H. Ruffin, trustee, turned over to the plaintiff. The issues were answered as follows:

"1. Are the notes of 1903, held by the defendant, J. M. Allen, barred by the ten-year statute of limitations? Answer: 'No.'

"2. Are the notes of 1903, held by the defendant, J. M. Allen, barred by the statute of limitation set out in chapter 192, Public Laws 1923, as alleged in the reply? Answer: 'No.'"

Upon the verdict it was adjudged that the amount collected by W. H. Ruffin on the notes deposited with him be paid to the plaintiff, and that the plaintiff pay to J. M. Allen the amount of his notes, to wit, $412, with interest from 2 December, 1907, less $50 paid 30 August, 1915, upon surrender of said notes; the residue, after payment of costs, to be applied in the due course of administration. The plaintiff appealed.

*T. T. Hicks & Son for plaintiff.*
*W. H. Yarborough for defendant.*

ADAMS, J. When the consent judgment of 1923 was rendered, the situation was this: W. Hal Mann had executed the notes and the mortgage to Mrs. Williams and had sold his equity of redemption to Kearney, who had paid a part of the purchase price and had executed certain purchase-money notes, which were secured by a deed of trust. It had been agreed between them that W. H. Ruffin should hold Kearney's notes for the purchase money to the amount of $1,000 to indemnify Kearney against possible loss arising out of encumbrances on the property. The notes and the mortgage had been assigned by Mrs. Williams to Allen, who had advertised the mortgaged property for sale. Kearney, in effect, had assumed the debt Mann owed Allen, and Mann, in effect, had agreed that Kearney should be primarily liable to Allen. Under these circumstances it was consented by the parties to the judgment that the money or securities deposited with W. H. Ruffin should be applied in payment of the remainder due on the notes and the mortgage executed by W. Hal Mann to Mrs. Williams and assigned to Allen.

The trial judge admitted the judgment in evidence, and instructed the jury as follows: "As to the second issue, the court charges you that

if you find from the evidence, and by its greater weight, that prior to 1 January, 1924, J. W. Mann, the duly qualified and acting administrator of W. Hal Mann, deceased, entered into an agreement with J. M. Allen and C. B. Kearney, under the terms of which the defendant, J. M. Allen, was allowed the amount of his notes out of the proceeds held by Ruffin, trustee, and Ruffin, trustee, authorized and directed to pay over out of said proceeds the amount of said notes, then it was not incumbent upon Allen to file an affidavit with the register of deeds under the statute of 1923; and if you so find from the evidence, and by its greater weight, you will answer the second issue 'No.' If you are not so satisfied, you will answer the issue 'Yes.' "

All the exceptions discussed in the plaintiff's brief converge in an assault upon the admissibility of the judgment and upon the instruction relating to it, and the question is whether either exception relied on by the plaintiff discloses reversible error. The exceptions are based chiefly on the contention that neither W. H. Ruffin, J. W. Mann, administrator, nor Mrs. Conway was a party to the action in which the judgment was entered, and that neither is bound by it; and, further, that no privity existed between the several administrators of W. Hal Mann. All the other exceptions relating to the second issue may be treated as correlated with these.

The plaintiff cites several authorities in support of his contention, but we think they are not controlling when considered in connection with the act of 1923. The material portion of this subsection follows: "The conditions of every mortgage, deed of trust, or other instrument securing the payment of money shall be conclusively presumed to have been complied with or the debt secured thereby paid as against creditors or purchasers for a valuable consideration from the trustor, mortgagor, or grantor, from and after the expiration of fifteen years from the date when the conditions of such instrument by the terms thereof are due to have been complied with, or the maturity of the last installment of debt or interest secured thereby, unless the holder of the indebtedness secured by such instrument or party secured by any provision thereof shall file an affidavit with the register of deeds of the county where such instrument is registered," etc. Public Laws 1923, ch. 192.

In plain and specific language it is said the conditions of the mortgage shall be conclusively presumed to have been complied with (if no affidavit is filed) as against creditors or purchasers for a valuable consideration from the mortgagor, etc. The plaintiff, as we understand, takes the position that he represents not only the interest of the testator, but of the creditors of the estate, and that those holding claims for funeral expenses, doctors' bills, and hospital charges are creditors within

the meaning of the act. Apart from the fact that these alleged creditors are not formal parties to the suit, and that it does not appear that the note in the hands of the trustee or the foreclosure of the deed of trust is necessary to the payment of their demands, the record shows that the testator died in the summer of 1921, and that the claims presented to the plaintiff arose before the act of 1923 went into effect. Neither of these debts could have been contracted on the faith of the statutory presumption unless the statute be given retroactive effect. We think it is not susceptible of such construction.

According to the verdict, the notes secured by the mortgage of 1903 were not barred by the ten-year statute of limitations. Allen, as assignee of the notes and the mortgage, therefore had the legal right of foreclosure when the debts in question were contracted. The act of 1923, though ratified 6 March, was to be in force from and after 1 January, 1924. If construed as relating back and giving to the hospital, the physicians, and the undertaker, as creditors of the testator's estate, rights which they did not have when the debts were contracted, it would be given retrospective operation, and this, we think, the Legislature did not intend. "There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute. If all of the language of a statute can be satisfied by giving it prospective action, only that construction will be given it. Especially will a statute be regarded as operating prospectively when it is in derogation of a common-law right, or the effect of giving it retroactive operation will be to destroy a vested right or to render the statute unconstitutional." 25 R. C. L., 787; Black on Interpretation of Laws, 252. In *Greer v. Asheville,* 114 N. C., 678, it is said: "Unless the legislative intent to the contrary is made manifest by the express terms of the statute, or by necessary implication arising out of it, it will, as a rule, be held to operate prospectively only—never retroactively." And in *Lowe v. Harris,* 112 N. C., 473: "But the Legislature of North Carolina is restrained by Article I, section 10, of the Constitution of the United States, and Article I, sec. 17, of the Constitution of North Carolina, not only from passing any law that will divest title to land out of one person and vest it in another (except where it is taken for public purposes after giving just compensation to the owner), but from enforcing any statute which would enable one person to evade or avoid the binding force of his contracts with another, whether executed or executory. *Robinson v. Barfield,* 6 N. C., 391; *Butler v. Penn, supra; R. R. v.*

*Nesbit,* 10 Howard, 395; *Fletcher v. Peck, supra; Terrell v. Taylor,* 9 Cranch, 43; *Call v. Woodard,* 4 Wheat., 519." See, also, *S. v. Littlefield,* 93 N. C., 614; *Elizabeth City v. Comrs.,* 146 N. C., 539; *S. v. Pridgen,* 151 N. C., 651; *Jones v. Schull,* 153 N. C., 517; *Waddill v. Masten,* 172 N. C., 582; *Railway Co. v. Railroad Co.,* 166 U. S., 557; 41 Law Ed., 1114; *Shwab v. Doyle,* 258 U. S., 529; 66 Law Ed., 747.

In our opinion, the conditions of the mortgage are not conclusively presumed to have been complied with or the debt paid as against those who became creditors or purchasers of the mortgagor before the statute went into effect. It is immaterial that the suit was delayed until 3 January, 1924. The debts were contracted more than two years before that time. In this view of the case, all the exceptions relating to the matters involved in the second issue must be overruled. As to the first issue, we do not understand the plaintiff as insisting that there is reversible error. At any rate, none has been pointed out or discovered.

No error.